[No. 9776. Department One.—August 12, 1885.]

## S. W. CLARY, Appellant, *v.* J. H. HAZLITT et al., Respondents.

United States Patent—Unauthorized Reservation is Void.—An unauthorized reservation or condition in a United States patent to land is void.

Id.—Patent to Placer Claim—Reservation of Quartz Lode.—Section 2333 of the United States Revised Statutes authorizes the reservation in a patent to a placer mining claim, of any vein or lode of quartz, or other rock in place bearing gold, silver, lead, tin, copper, or other valuable deposits, claimed or known to exist within the boundaries of the placer claim at the date of the patent; and the patentee acquires no title or right of possession to such vein.

Findings—Sufficiency of.—Findings of fact need not follow the language of the pleadings. If the truth or falsity of each material allegation not admitted can be deduced from the findings, the requirements of the Code are complied with.

Appeal from a judgment of the Superior Court of Siskiyou County.

The facts are stated in the opinion.

*W. McConaughy,* and *Freeman, Johnson & Bates,* for Appellant.

An unauthorized reservation or condition inserted in a United States patent is void. (*Stark* v. *Starr,* 6 Wall. 402; *Wolfley* v. *Lebanon Min. Co.* 4 Colo. 115.) The reservation in question was not authorized by law. (U. S. Rev. Stats. § 2333.) It is only the right of possession that is concluded by a failure to include in the application for a placer claim a statement that the land applied for contains a quartz vein. But the right of possession must be determined by the land department before it can grant any patent, and becomes *res adjudicata* upon the issuance of the patent. When once determined by the land officers, the right of possession cannot be assailed in an action at law. (*Boggs* v. *Merced Min. Co.* 14 Cal. 363; *Upham* v. *Hosking,* 62 Cal. 259; *Sacramento Valley Rec. Co.* v. *Cook,* 61 Cal. 346; *Smelting Co.* v. *Kemp,* 104 U. S. 636; *Moore* v. *Robbins,* 96 U. S. 535; *Steel St. Louis Smelting Co.* 106 U. S. 447; *Bilk* v. *Meagher,* 104 U. S. 279.)

*H. B. Gillis, H. B. Warren,* and *Hart & White,* for Respondents.

Plaintiff did not acquire title to the quartz lode situated within the boundaries of his placer claim, and excepted from the opera-

tion of his patent. (U. S. Rev. Stats. § 2333; *McLaughlin* v. *Powell*, 50 Cal. 64; *Gold Hill Quartz Min. Co.* v. *Ish*, 5 Or. 104.)

SEARLS, C. — Action to recover damages for trespass upon mining claims, and for injunction against defendants to restrain them from similar trespasses.

Plaintiff bases his action upon a patent issued to him for the *locus in quo*, as a placer mining claim under the provisions of chapter vi. of title 22 of the Revised Statutes of the United States.

Plaintiff's claim is known as the Ellis Placer Mining Claim, and within the exterior limits thereof there is a regularly defined lode of gold-bearing quartz rock in place, which was known to exist at the time of plaintiff's application for patent; and his application did not include an application for the lode.

The patent to plaintiff contained the usual reservation in such cases, viz.: "That should any vein or lode of quartz, or other rock in place, bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, be claimed or known to exist within the above-described premises at the date hereof, the same is expressly excepted and excluded from these presents."

The land upon which the alleged trespasses were committed consisted of this quartz lode, which was located by the grantor of defendants in 1879 under the name of the California Queen Mine, and work by said defendants upon the quartz lode as situated and located constitutes the supposed trespasses complained of.

Defendants had judgment and plaintiff prosecutes this appeal.

The question in the case upon which the decision must turn is, whether by his patent to the Ellis Placer Mining Claim the plaintiff acquired title to said quartz lode or vein?

Section 2333 of the Revised Statutes of the United States provides as follows: "Where a vein or lode such as is described in section 2320 is known to exist within the boundaries of a placer claim, an application for a patent of such placer claim, which does not include an application for the vein or lode claim, shall be construed as a conclusive declaration that the claimant of the placer claim has no right of possession of the vein or lode claim; but where the existence of a vein or lode in a placer claim is not known, a patent for the placer claim shall convey all valuable mineral and other deposits within the boundaries thereof."

The preceding portion of the same section provides that the applicant for a patent being in possession of a placer claim and also of a vein or lode claim, included within the boundaries thereof, may upon application therefor and upon paying five dollars per acre for the lode claim therein, obtain patent for the whole.

Appellant contends that the condition in the patent "that should any vein or lode of quartz or other rock in place bearing gold . . . . be claimed or known to exist within the above described premises at the date hereof, the same is expressly excepted and excluded from these presents," is void.

It must be conceded that where a patent contains a reservation or condition not authorized by law, such reservation or condition is a nullity. (*Stark* v. *Starr*, 6 Wall. 402; *Wolfley* v. *Lebanon Mining Co.* 4 Colo. 115.)

The land department is but an instrument by which the objects of the law are attained its jurisdiction and mode of procedure are defined by law, and its results must be such as are warranted by the paramount authority under which it acts.

Assuming this hypothesis as correct, it becomes necessary to inquire whether the clause quoted from section 2333 authorizes the reservation in the patent to plaintiff. Upon this question we do not entertain a serious doubt.

The language of section 2333 in cases of known lode claims in placer mines, applied to be patented, and which lode claims are not sought to be patented is explicit, and such omission "shall be construed as a conclusive declaration that the claimant of the placer claim has no right of possession of the vein or lode claim."

If he has no right of possession it must follow that he has no right to a patent.

Congress has provided the manner in which a right to possession of mining claims may be acquired, and has further provided for the issuance of patents to those who have acquired such right of possession; has provided that in case of adverse claims, he who substantiates his right to possession shall thereupon be entitled to a patent.

And when the language in question is considered in connection with the context, and with the other provisions of the mining

law, the conclusion is reached that by the waiver of his right to possession, a waiver of his right to a patent is implied. The latter is a sequence of the former and cannot exist without it.

By this construction the harmony of the whole section is maintained, while the interpretation claimed by counsel for appellant would permit an applicant for patent to acquire title to a quartz claim at $2.50 per acre, instead of $5 as provided by law, and would render the latter clause of the same section under which unknown quartz lodes pass to the patentees of placer mines unnecessary.

We conclude the exception and exclusion of the quartz lode in question as specified in the patent was authorized by law, and that no title thereto vested in the appellant under his patent.

There is substantially a finding by the court below upon all the issues made by the pleadings in the case.

It is not necessary that the facts as found should follow the language of the pleadings which they support. If the truth or falsity of each material allegation not admitted can be demonstrated from the findings, the requirements of the Code are met.

The judgment should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.

Hearing in Bank denied.