[L. A. No. 155.  In Bank.—May 26, 1897.]

EDWIN A. WELLS, RESPONDENT, v. WILLIAM BLACK ET AL., APPELLANTS.

SAVINGS BANK—LIABILITY OF STOCKHOLDERS TO DEPOSITORS.—A deposit in a savings bank having a capital stock is a debt against the corporation, when not otherwise agreed between the parties; and each stockholder in such a corporation is liable to the depositors for his proportion of the debt, saving as that liability may have been modified or waived by contract of the parties.

ID.—WAIVER OF LIABILITY—UNSIGNED PRINTED AGREEMENT.—There is no waiver of the liability of the stockholders by reason of an unsigned agreement printed in the book of each depositor, nor by a printed release of liability inserted in the signature book, to which no special subscription was made by the depositors.

ID.—INVALID BY-LAW.—Corporations may make only such by-laws as are consistent with the constitution and laws of the state, and a by-law of a savings bank asserting that the stockholders were not held to their constitutional liability is void, and has no binding force upon the depositors.

ID.—STATUTE OF LIMITATIONS.—The statute of limitations commences to run against the liability of the stockholders of a savings bank from the time when the debt was created and the liability incurred, upon the acceptance of each deposit; and, at the expiration of three years thereafter, the right to enforce the stockholder's liability is at an end.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion of the court.

*McNealy & Whitehead, M. A. Luce,* and *E. Parker,* for Appellants.

*Bryant Howard,* Appellant in person.

The relation of debtor and creditor does not exist between a savings bank and its depositors. (*Lewis* v. *Lynn Inst. of Savings,* 148 Mass. 235; 12 Am. St. Rep. 535; *Huntington* v. *National Sav. Bank,* 96 U. S. 388; *Osborn* v. *Byrne,* 43 Conn. 155; 21 Am. Rep. 641; *Simpson* v. *City Sav. Bank,* 56 N. H. 466; 22 Am. Rep. 491; *Bunnell* v. *Collinsville Sav. Soc.,* 38 Conn. 303; 9 Am. Rep. 380; *Berry* v. *Windham,* 59 N. H. 288; 47 Am. Rep. 202; *Stockton* v. *Mechanics' etc. Sav. Bank,* 32 N. J. Eq. 163; *Burke* v. *Badlam,* 57 Cal. 602; 21 Am. & Eng. Ency. of Law, 720; *Philadelphia Sav. Inst. case,* 1 Whart. 461; 30 Am. Dec. 226.) Under our code there is a community of interest between the members, stockholders, and depositors of a savings bank. (Civ. Code, tit. X, Pol. Code, sec. 3617, subd. 6; *Burke* v. *Badlam, supra.*) Any rights of the depositors against the stockholders were waived by agreement. (3 Thompson on Corporations, sec. 3008.)

*S. F. Lieb,* for Appellant Mabury.

The depositors were bound to take notice of the by-laws. (*Robinson* v. *Bidwell,* 22 Cal. 389, and cases cited.) When a man signs an agreement the law conclusively presumes that he knows the contents thereof, and he is bound accordingly. (*Hawkins* v. *Hawkins,* 50 Cal. 558; *Metropolitan etc. Assn.* v. *Esche,* 75 Cal. 513; *Crane* v. *McCormick,* 92 Cal. 176.) The stockholders' liability was waived by agreement. (*Robinson* v. *Bidwell,* 22 Cal. 388, 389; *French* v. *Teschemacher,* 24 Cal. 558–60; Cook on Stocks and Stockholders, sec. 216, and cases cited; Morawetz on Corporations, sec. 871.)

*Works & Works,* for Respondent.

Under our constitution and code the stockholders of savings banks having a capital stock are liable to depositors who are not members but creditors of the corporation. (Const., art. XII, sec. 3; Civ. Code, secs. 322, 571, *et seq.; McGowan* v. *McDonald,* 111 Cal. 57; 52 Am. St. Rep. 149; *Los Angeles* v. *State Loan etc. Co.,* 109 Cal. 396.) The liability of the stockholders was not waived, there being no signature to any agreement of waiver of release; nor could the corporation pass a valid by-law abolishing the liability, as it would be inconsistent with the constitution and laws of the state and therefore void. (Civ. Code, sec. 301; *French* v. *Teschemacher,* 24 Cal. 518, 545; *Flint* v. *Pierce,* 99 Mass. 68; 96 Am. Dec. 691; *Slee* v. *Bloom,* 19 Johns. 456, 477; 10 Am. Dec. 273.) There is no limitation to an action to recover deposits in a bank. (Code Civ. Proc., sec. 378.) There was no liability of the bank or stockholders until notice of intention to withdraw the deposits was given. (*Mitchell* v. *Beckman,* 64 Cal. 117, 122.) *Hunt* v. *Ward,* 99 Cal. 612, 37 Am. St. Rep. 87, does not apply to this case.

*C. H. Rippy,* and *Withington & Carter, amici curiæ,* for Depositors not represented.

The construction placed upon section 359 of the Code of Civil Procedure, in *Hunt* v. *Ward,* 99 Cal. 612, 37 Am. St. Rep. 87, is violative of the constitution. (Const., art. XII, secs. 2, 3.) The provisions of the constitution are self-executing, mandatory, and prohibitory. (*Ewing* v. *Oroville Min. Co.,* 56 Cal. 649; *People* v. *Stephens,* 62 Cal. 230.) The right of action against the stockholders was not waived, there being nothing to amount to a release of liability upon a consideration. (*Stackhouse* v. *Barnston,* 10 Ves. Jr. 466.

HENSHAW, J.—Plaintiff, as a depositor in the Savings Bank of San Diego, a corporation organized under the laws of this state, and as assignee of the claims and demands of other depositors therein, sued defendants

to enforce their constitutional and statutory liability as stockholders of the bank.

Judgment passed for plaintiff, and from this and from the order denying them a new trial defendants appeal.

The propositions for which they contend may be thus stated: 1. The bank of which defendants were stockholders was a savings bank, and deposits therein did not create corporate debts or liabilities. 2. If, however, a stockholder's liability exists for such deposits, that liability was waived by the depositors in this case. 3. In any event that liability is barred by the statute of limitations upon all deposits made more than three years before the commencement of this action.

1. The Savings Bank of San Diego was organized under the provisions of part IV, title X, of the Civil Code. The corporation had a capital stock and stockholders. Under the by-laws term deposits were payable six months after demand, and ordinary deposits at longer or shorter periods of time after demand, dependent upon the amount to be withdrawn. The depositors received such interest as the board of directors might determine. After paying interest to depositors, the remaining portion of the profits belonged to the stockholders.

We need not discuss at length the broad differences which exist between a savings institution, such as the San Diego corporation, and a savings bank in its original conception, where depositors shared proportionally in profits and losses, and where the managers of the funds were but the trustees and agents of the members. In the latter, the relation of debtor and creditor does not exist between the corporation and its depositors. In the former, it generally does. The question has received detailed consideration in the case of *Los Angeles* v. *State Loan etc. Co.*, 109 Cal. 396. It was there held, under a state of facts substantially the same as these here presented, that the relation of debtor and creditor arose upon deposits in such a savings bank. It is said: "It is, therefore, apparent that a deposit in a savings bank

having a capital stock may be a debt against the corpo-
ration, and, indeed, must be, since the corporation is
formed by the stockholders, and the depositor deals with
the corporation, not as his agent, for whose mistakes or
defalcations he is responsible, but as a principal pledg-
ing its stock and assets for the security of the depositor.
Not so, however, with the savings banks of the other
class which has no capital stock, and in which the de-
positors are members of the corporation."

This statement, however, should not be misunder-
stood. It is a holding that, under the law, unmodified
by special contract, the relation of debtor and creditor
exists between such a savings institution and its depos-
itors. It is not to be construed as a declaration that
this relation may not be changed by agreement of the
parties.

It results, therefore, that the relation of debtor and
creditor existed in the present case. From this follows,
of necessity, the liability of the stockholder for his pro-
portion of the debt, saving as that liability may have
been modified or waived by contract of the parties.
For, that this may be done, there can be no question.
(*French* v. *Teschemacher*, 24 Cal. 558; Sedgwick on Stat-
utory and Constitutional Law, 111.) This brings us to
the consideration of proposition—

2. The waiver insisted upon is twofold: 1. By the
terms of the by-laws, assented to by the depositors; 2.
By positive agreement, signed by them. The by-law
relied upon is not in strictness a by-law at all. By-laws
are the body of rules laid down for the government of
a corporation, its officers and stockholders, in the con-
duct of its affairs. This so-called by-law is merely a
form of agreement couched in the first person, pre-
sumably to be assented to in some formal way by a
depositor—though this is not made to appear. In and
of itself it is not binding upon anybody. It reads as
follows: "In consideration of the receipt by the Sav-
ings Bank of San Diego County of the deposits now
made and hereafter to be made by me with it, I do

hereby, for myself, my heirs, executors, administrators, and assigns, covenant, promise, and agree to and with said Savings Bank of San Diego County, to be governed in all respects in regard to all moneys which may bo deposited by me with said corporation by the conditions above written, and by its by-laws, and that all moneys now or hereafter to be deposited by me with said Savings Bank of San Diego County shall be reimbursable only out of the first disposable funds that shall come into the hands of said Savings Bank of San Diego County after the date of my demand for the reimbursement thereof, and after the payment of all sums for the reimbursement, of which demand shall have been made prior to the date of my demand, as provided for in the foregoing conditions. And further, I waive any and all claim or claims, whether founded upon the statutes or upon the constitution of the state of California, which without this stipulation I might have to hold any individual corporator or corporators, officers, members or stockholders of this corporation, or his, her, or their heirs, executors, administrators, or assigns, personally liable, jointly or severally, for any losses, and I consent to look for my security solely to the capital stock and the assets of the corporation."

Had the depositors signed this, or in any other equally effective manner agreed to its terms, a different question would be presented. It was printed, it is true, with the by-laws in each depositor's book, and following it was a formal agreement to be signed, but this agreement was not in fact signed by any of the plaintiff's assignors.

Nor is the position of appellants bettered if the provision above quoted be treated as a by-law. It would then be a by-law asserting that the stockholders of this corporation were not held to their constitutional liability. But corporations may make only such by-laws as are consistent with the constitution and laws of the state. (Civ. Code, sec. 301; Cook on Stocks and Stockholders, sec. 700 *a*, and note.) Such a by-law clearly

contravenes them, and is therefore void. Being void, it carried no notice to and had no binding force upon depositors. Not that the corporation could not on behalf of its stockholders contract for a waiver of their liability. As has been said before, it could; but such a contract cannot find its sole expression in a void by-law.

The second ground of waiver rests upon the following facts: Depositors were, as is usual, called upon to write their names in a book designated "Signature book." At the top of each page of this book was printed matter, headed "Agreement." Below this printed matter were ruled lines extending across the entire page, and under these the page was spaced and divided by perpendicular lines. The top of each space bore appropriate and directing words, viz., "Number," "Date," "Name," "Signature," "Remarks." The printed matter, with other things, contained in its last line a release of the stockholders from liability. Upon this question it is enough to say that the court found upon sufficient evidence that the depositors in writing their signatures upon the book did not sign or become bound by the printed agreement. There is thus presented, not the case of one who knowingly signs an agreement heedless of its contents. The finding of the court is that the plaintiff's assignors merely wrote their names in the signature book, and did not at all subscribe to the agreement.

3. Since the relation of debtor and creditor existed between the bank and its depositors, it follows that the debt was created and the liability incurred at the time of the acceptance of each deposit. At the expiration of three years the right to enforce the stockholders' liability was at an end. (Code Civ. Proc., sec. 359; *Hunt* v. *Ward*, 99 Cal. 612; 37 Am. St. Rep. 87; *Bank* v. *Pacific Coast S. S. Co.*, 103 Cal. 594.) Whatever divergence of views may be found in the earlier adjudications, the cases above cited contain the last expressions of the court upon the question. It follows, therefore, that plaintiff's cause of action is barred as to all deposits

made more than three years before the commencement of the action.

The judgment is ordered modified to conform to these views, appellants to have their costs upon appeal.

TEMPLE, J., McFARLAND, J., VAN FLEET, J., GAROUTTE, J., and HARRISON, J., concurred.

Rehearing denied.