[L. A. No. 592.  Department Two.—December 22, 1899.]

CHARLES GOODALL et al., Appellants, v. R. E. JACK, Respondent.

Corporations—Liability of Stockholders—Statute of Limitations—Renewal of Notes.—The running of the statute of limitations in favor of the stockholders of a corporation upon their statutory liability to the creditors of the corporation cannot be interrupted by a renewal of the debt under which the liability was created, by taking up old notes of the corporation evidencing such liability, and giving new notes in lieu thereof.

Id.—Support of Finding as to Renewal of Notes—Nominal Intervention of Third Party.—A finding that the new notes of the corporation were a renewal of the old notes is supported by evidence showing that, throughout the transaction, the negotiations for the taking up of the old notes to the plaintiffs, and the substitution of the new notes, were had between the corporation and the plaintiffs, and that the notes were made to a nominal third party who indorsed them to plaintiffs, and whose name was used under an arrangement for the exchange of checks, to give an appearance of payment of the old notes, no money having been really advanced by such third party or paid to the plaintiffs.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

George W. Towle, Jr., and Wilcoxon & Bouldin, for Appellants.

C. W. Goodchild, and W. H. Spencer, for Respondent.

THE COURT.—The defendant Jack was, during the times mentioned in the complaint, a stockholder of a corporation called the West Coast Land Company, and this action is brought to recover the proportionate share of defendant as such stockholder of a debt of the corporation alleged to have been incurred to one J. N. Knowles for money borrowed from him by the corporation on the fifteenth day of May, 1894. In his answer the defendant pleads, among other things, that the al-

leged cause of action is barred by the provisions of subdivision 1 of section 338 and section 359 of the Code of Civil Procedure. Judgment went in the court below for the defendant, and plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

The court found, among other things, that the alleged cause of action was barred by the provisions of the code above mentioned; and the only point discussed by counsel is whether or not that finding was correct.

It appears from the evidence that in May, 1890, the corporation above mentioned incurred an indebtedness to the plaintiffs herein of a sum of money amounting to nearly two hundred thousand dollars, for which it gave to the plaintiffs four promissory notes for different sums amounting in the aggregate to said sum of about two hundred thousand dollars. Four years afterward—on or about the fifteenth day of May, 1894—the board of directors passed a resolution authorizing the president and secretary to make notes of the corporation, payable to plaintiffs in the amount of the old notes, with interest, upon the surrender of the old notes, or, upon the receipt of the face value of the new notes from "any other person," then to make the new notes to such other person, and "to immediately apply all sums so received from said new notes in payment of said old notes." The old notes, with interest, then amounted to two hundred and nineteen thousand two hundred and thirteen dollars and sixty-two cents. On said fifteenth day of May, 1894, one of the plaintiffs brought to the secretary of the corporation a check of J. N. Knowles upon the Anglo-Californian Bank, Limited, for the said sum of two hundred and nineteen thousand two hundred and thirteen dollars and sixty-two cents, and the plaintiff delivered up to the secretary all the old notes to be canceled. The check of Knowles was immediately indorsed by the secretary to plaintiffs; and notes for the said amount were made payable to Knowles, which notes were on the same day indorsed by Knowles to the plaintiffs, and the check of Knowles was deposited by plaintiffs to their credit with the First National Bank of San Francisco. Knowles seems to have had good financial standing with the Anglo-Californian Bank, although when he drew the check on the 15th there was a balance due

him on his account with the bank of only about twelve hundred dollars. But on the next day—the 16th—he gave to the bank his note for the amount of the check, and the amount of his note was placed to his credit. On the next day he received a check from plaintiffs for two hundred and nineteen thousand two hundred and eighty-six dollars and sixty-nine cents, and took up his note by checking against his account. In the whole transaction the negotiations were between the plaintiffs and the corporation, and the latter knew nothing of Knowles in the business, except only that the check was signed by him and the new notes were made payable to him.

From the foregoing facts it is apparent that the court was warranted in finding that the transactions above mentioned constituted merely a renewal of the old debt by taking up the old notes and giving new ones in lieu thereof. But the running of the statute of limitations in favor of the stockholders could not in this way be interrupted. The suit was not brought until seven years after the time when the original liability was created. (Code Civ. Proc., sec. 359; *Bank v. Pacific etc. Co.*, 103 Cal. 594; *Redington v. Cornwell*, 90 Cal. 63; *Winona Wagon Co. v. Bull*, 108 Cal. 1.) These views make it unnecessary to discuss other questions—as, for instance, what the respondent's rights would have been if Knowles had really advanced the money to the corporation upon the credit of its notes to him, and the money thus advanced had been actually used by the corporation to pay off the old notes which were evidences of the original liability created in 1890.

The judgment and order appealed from are affirmed.