[L. A. No. 1186.    Department One.—March 3, 1904.]

## ALBERT JONES, Appellant, v. GOLDTREE BROTHERS COMPANY et al., Respondents.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—STATUTE OF LIMITATIONS. —The liability of a stockholder of a corporation for his proportionate share of its debts is created by statute, and is barred within three years after the cause of action accrues.

ID.—COLLECTION BY BANK—DEPOSIT ON OPEN ACCOUNT—ACCRUAL OF CAUSE OF ACTION AGAINST STOCKHOLDERS—CHANGE TO SAVINGS ACCOUNT.—The cause of action against the stockholders of a bank for a collection made by the bank for the plaintiff, and immediately credited to the plaintiff on his open account with the bank by plaintiff's authority, then accrued, and the statute of limitations in favor of the stockholders then began to run, and its running cannot be affected by a subsequent transfer of the credit to a savings account for the purpose of drawing interest.

ID.—POWER OF CORPORATION—EXTENSION OF TIME.—The corporation has no power, without the consent of the stockholders, to extend the time for the commencement of an action against them, by any subsequent renewal or extension of time for the payment of its original debt.

ID.—INAPPLICABLE INSTRUCTION—AGENCY OF BANK FOR PAYOR—DIRECTIONS TO BANK.—It was error to instruct the jury that if they found certain material facts, the bank was agent for the payor in receiving the money, and he might withdraw it before certain directions were complied with, where there was no evidence from which such facts, agency, or directions could be found or inferred.

ID.—ORDER GRANTING NEW TRIAL—SUFFICIENCY OF SPECIFICATIONS— LIBERAL RULE—BAR OF STATUTE.—Upon an order granting a new trial, the specifications of the statement as to insufficiency of the evidence to sustain the verdict will be deemed sufficient under the liberal rule now adopted and followed, where they were not objected to when the statement was settled, and it contains substantially all of the evidence; and where the verdict was against the evidence as to the bar of the statute, an objection upon appeal from such order that the specifications went to probative facts connected with the original bar of the statute which might possibly not be inconsistent with the verdict against the bar of the statute, will not be entertained.

ID.—PLEA OF STATUTE NOT WAIVED—PRESUMPTION.—Defendants did not waive their plea of the statute of limitations by failing to ask the withdrawal of the question from the jury or to ask an instruction in relation thereto.    They had the right to rely upon the presumption that the verdict would be in accord with the law and the facts.

APPEAL from an order of the Superior Court of San Luis Obispo County granting a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

William Shipsey, and Albert Nelson, for Appellant.

W. H. Spencer, for Goldtree Brothers Company et al., Respondents.

Max Blum, for Max I. Koshland, Respondent.

COOPER, C.—This action was brought to recover of defendants, as stockholders of the County Bank of San Luis Obispo the proportion of certain indebtedness due plaintiff, in such amounts as may be found to be severally a liability against each defendant. As to the greater portion of the claim there is no controversy. But as to one item of $2,312.20 there is a question—and the principal question here—as to whether or not it is barred by the statute of limitations as to each and all the defendants. As to this item, the complaint, which was filed July 18, 1900, alleges that the plaintiff deposited with the County Bank of San Luis Obispo "on July 27, 1897, $2,312.20." Defendants each pleaded that the cause of action "is barred by subdivision 1 of section 338 and section 359 of the Code of Civil Procedure."

The case was tried with a jury and a verdict returned for plaintiff in the amount claimed, which included the proportionate share of each defendant of the $2,312.20. In other words, the jury, under the evidence and instructions of the court, found against defendants on their plea of the statute of limitations. Upon the verdict so found judgment was entered. Defendants made a motion for a new trial, upon a statement of the case, and the court granted the motion. Plaintiff brings this appeal from the order. The court in granting the order held that the item was barred by the statute, and we think the ruling correct. The individual liability of a stockholder of a corporation for his proportionate share of the indebtedness is created and exists by the constitution (art. XII, sec. 3) and Civil Code (sec. 322). (*Redington* v. *Cornwell,* 90 Cal. 63.) An action upon a liability created by

statute, other than a penalty or forfeiture, must be brought within three years after the cause of action accrues. (Code Civ. Proc., sec. 338.) When did the cause of action accrue against these defendants? It appears, without conflict, that, with authority from plaintiff, the bank, on the fourteenth day of July, 1897, collected for plaintiff and placed to his credit on his open account $2,588.85, which included the $2,312.20 in controversy. No part of this sum has ever been repaid to plaintiff. On July 27, 1897, plaintiff caused the bank to transfer the $2,312.20 from his open account to a savings account, and the sum was entered upon plaintiff's savings-account pass-book on said date. The transfer was made by plaintiff drawing a check in favor of the bank against his open account, and the bank charged the check to the open account and credited it on the savings account. The check was evidently drawn for the convenience of the bank and as a voucher against or explanation of the item charged on the open account. The amount so placed to plaintiff's credit on his savings account was to draw interest if left for the time provided in the by-laws and rules of the bank. It is clear that the plaintiff on July 14, 1897, by reason of the deposit, loaned the amount to the bank, and afterwards on July 27th the loan was to be continued, but to draw interest according to the terms of the pass-book. The money was by the terms of the savings pass-book to be paid on demand, but not to draw interest except left six months on deposit. There was no time after the fourteenth day of July, 1897, that the plaintiff could not, after demand, have begun and maintained an action against the bank for the said sum. The bank did not pay plaintiff the amount on July 27, 1897, nor at any other time. The change by the transfer of the account was only a change in the character of the loan, so that by the contract of the parties it was to draw interest. When the debt was contracted the liability arose. The corporation had no power without the consent of the defendants to extend the limitation of the time for commencing the action. (*Redington* v. *Cornwell,* 90 Cal. 63; *Santa Rosa Nat. Bank* v. *Barnett,* 125 Cal. 407; *Goodall* v. *Jack,* 127 Cal. 258.) In the latter case it is said: ''From the foregoing facts it is apparent that the court was warranted in finding that the transactions above mentioned constituted merely a renewal of the

old debt, by taking up the old notes and giving new ones in lieu thereof. But the running of the statute of limitations in favor of the stockholders could not in this way be interrupted. The suit was not brought until seven years after the time when the original liability was created.'' If on the fourteenth day of July, 1897, the bank had given plaintiff its promissory note without interest for $2,588.85, and if on the twenty-seventh day of July, 1897, the bank had given plaintiff its interest-bearing note for $2,312.20, and the same had been credited on the non-interest-bearing note, the authorities cited would be directly in point. There can be no difference in principle. The bank was given credit on ·plaintiff's open account. It became his debtor on the savings account. It was always his debtor after the money was first deposited.

The court, at plaintiff's request, instructed the jury as follows: ''If you find from the evidence that one Dutra deposited with the County Bank of San Luis Obispo on July 14, 1897, $2,588.85 for Albert Jones with the instruction to said bank that it should not pay said Jones said money until he, said Jones, should deliver up to him, said Dutra, or his agent, the note which he, said Jones, held against Alpha Price and Mike Price, and also satisfy the mortgage of record which he, said Jones, held against said Alpha and Mike Price, then I instruct you that said County Bank was the agent for said Dutra, for the purpose of paying said note and having said mortgage satisfied of record, and said Jones was not the owner of said money until he, said Jones, delivered up said note to said Dutra, or his agent, and also canceled and satisfied said mortgage of record, and it was in the power of said Dutra by notifying said Jones to withdraw said money at any time before said Jones had complied with his, said Dutra's, instructions.''

The giving of the above instruction is error, for the reason that there is no evidence upon which to predicate it. There is no evidence in the record of any instruction by Dutra or on the part of Dutra to the bank with reference to the payment of the money to plaintiff upon satisfaction of the mortgage. In fact the evidence of Osgood, the assistant cashier of the bank, is directly and positively to the effect that Dutra came into the bank on July 14, 1897, and paid in the money for plaintiff, and that the note was surrendered to him, and

the amount placed to the credit of plaintiff on the same day. Plaintiff testified that before the money due him on the Price note was placed to his credit he had not authorized the bank to receive it for him, but in a letter to the bank, dated July 9, 1897, which plaintiff admitted having written, he said: "Enclosed please find note given by Price and wife. Mr. Dutra will call and pay it in a few days. When paid please place to my credit and oblige, yours truly, A. Jones."

It was clearly error to instruct the jury to the effect that they might find certain material facts when there was no evidence upon which said facts could be found or inferred. (*Whitman* v. *Steiger,* 46 Cal. 257; *Perkins* v. *Eckert,* 55 Cal. 401; *People* v. *Thompson,* 115 Cal. 160.)

Appellant contends that the specifications as to the insufficiency of the evidence to support the verdict are insufficient for the reason that they are pointed to the probative fact that the evidence fails to show that the $2,312.20 was loaned to or deposited with the bank on the twenty-seventh day of July, or at any time subsequent to July 14, 1897. It is said that the finding of the jury was of the ultimate fact that the item was not barred by the statute of limitations, and that the probative fact specified may be true, and yet other facts may have existed, such as the absence of defendants from the state, the infancy or insanity of the plaintiff, or that the plaintiff did not discover that the defendants were stockholders until within three years of the time of commencing the action.

The notice of intention to move for a new trial specified the insufficiency of the evidence to justify the verdict. The court seems to have passed upon the motions with the settled statement before it. No objection appears to have been made that the specifications were insufficient. The testimony appears to be substantially all in the statement. In view of the liberal rule now adopted and followed by this court, the specifications were sufficient. (*American Type Founders' Co.* v. *Packer,* 130 Cal. 459; *Bell* v. *Staacke,* 141 Cal. 186.) Nor did defendants waive their plea of the statute of limitations by failing to ask the withdrawal of the question from the jury or an instruction in relation thereto. They had the right to rely upon the presumption that the verdict would be in accord with the law and the facts. As it was erroneous in

the respects pointed out, the court below granted the new trial. It would have been better practice for defendants to have asked an instruction as to the bar of the statute from their standpoint. But it would open a wide field if we were to lay down a rule that any defense relied upon in a pleading is waived if a party does not ask an instruction as to the law applicable to the particular facts.

We advise that the order be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Shaw, J., Van Dyke, J., Angellotti, J.

Hearing in Bank denied.