[Civ. No. 374. Second Appellate District.—September 24, 1907.]

## O. O'NEILL, T. PETERSON, and NEILS JOHNSON, Appellants, v. JOHN QUARNSTROM, Respondent.

CORPORATIONS—LIABILITY OF STOCKHOLDER—STATUTE OF LIMITATIONS—
FINDING OF PROBATIVE FACTS.—In an action to enforce the lia-
bility of a stockholder of a corporation for his proportion of a
debt of the corporation, where the statute of limitations was
pleaded, it was not necessary that a finding in favor of the plea
should state the ultimate fact pleaded, but it is sufficient that the
court found probative facts, from which it can be judicially de-
clared that the ultimate fact necessarily results that the action
is barred by the statute.

ID.—THREE YEARS' STATUTE APPLICABLE—"LIABILITY CREATED BY
LAW."—An action to enforce the liability of a stockholder of a
corporation is upon a "liability created by law," within the mean-
ing of section 359 of the Code of Civil Procedure, and is barred
if not brought within three years after the liability was created.

ID.—LIABILITY UNAFFECTED BY RENEWAL OR EXTENSION OF CORPORA-
TION DEBT.—The liability of a stockholder relates to the original
debt of the corporation upon which he is chargeable, and the giv-
ing of a note by which the debt of the corporation is renewed
or extended as against it cannot operate to renew or extend the
liability of the stockholders or prevent the statute from running
against it.

ID.—INDEBTEDNESS CREATED BY LOAN—DIRECTORS AS MAKERS AND
SURETIES—PAYMENT OF RENEWED NOTE—ACTION BY DIRECTORS.—
After the lapse of three years from the creation of a debt by the

corporation upon a loan secured by its note, and that of the directors as joint makers, the directors could not, after renewing the note, by payment thereof by themselves as sureties, become new obligees of the corporation or of its stockholders, so as to maintain an action to their disadvantage.

Id.—Void Contract—Directors Acting in Their Own Interest.— The contract by which the directors, acting in their own interest, renewed the note of the corporation with themselves as makers and sureties was void. The law does not stop to inquire as to the fairness or unfairness of the transaction.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

R. W. Putnam, and Louis Lamy, for Appellants.

The action is upon an implied *assumpsit* against the corporation and its stockholders, and not upon any note. (*Yule* v. *Bishop,* 133 Cal. 575, 65 Pac. 1094; *Loewenthal* v. *Coonan,* 135 Cal. 381, 87 Am. St. Rep. 115, 67 Pac. 324.) Authorities as to the renewal of notes have no application. The finding as to the statute of limitation was insufficient, and the omission to find thereon was error. (*Nicholson* v. *Tarpy,* 126 Cal. 442, 57 Pac. 457; *Perkins* v. *West Coast Lumber Co.,* 120 Cal. 27, 52 Pac. 118; *McLennan* v. *Wilcox,* 126 Cal. 51, 58 Pac. 305; *Haight* v. *Tryon,* 112 Cal. 4, 44 Pac. 318; *Malone* v. *Bosch,* 104 Cal. 680, 38 Pac. 516.)

McD. R. Venable, and C. P. Kaetzel, for Respondent.

The finding as to the statute of limitations stated facts from which the conclusion necessarily follows that the action is barred, and that is sufficient. (*Clary* v. *Hazlitt,* 67 Cal. 286, 7 Pac. 701; *Covery* v. *Hale,* 49 Cal. 552; *Osborne* v. *Clark,* 60 Cal. 626.) The liability of three years upon the original obligation was barred before the renewal of the note in question. There could be no extension of the liability against the stockholders by any renewal thereof. (*Jones* v. *Goldtree Bros. Co.,* 142 Cal. 383, 77 Pac. 939; *Goodall* v. *Jack,* 127 Cal. 258, 59 Pac. 575; *Hyman* v. *Coleman,* 82 Cal. 650, 16 Am. St. Rep. 178, 23 Pac. 62; *Santa Rosa Nat. Bank* v. *Barnett,* 125 Cal. 407, 58 Pac. 85; *Winona Wagon Co.* v. *Bull,* 108 Cal.

1, 40 Pac. 1077; *Redington* v. *Cornwell*, 90 Cal. 49, 27 Pac. 40.) The renewed note was ineffective and void as having been passed by the vote of directors interested in extending their suretyship, and their vote could not have that effect in their favor against the corporation or its stockholders. (*Goodell* v. *Verdugo Canyon Water Co.*, 138 Cal. 308, 71 Pac. 354; *Wickersham* v. *Crittenden*, 110 Cal. 332, 42 Pac. 893.)

TAGGART, J.—This is an action to recover from defendant, as a stockholder of a corporation, his proportion of a debt of the corporation, paid by plaintiffs, who claim to have made such payment as sureties.

Judgment was for defendant upon a defense of the statute of limitations, and plaintiffs appeal from the judgment.

The statute was pleaded in accordance with section 458 of the Code of Civil Procedure. There was no finding in the words of the plea that the bar of the statute had fallen, but the facts upon which defendant relied to support this plea the court found in detail. Appellants contend that there should have been an express finding upon the issues raised by the plea, and, also, that if it be conceded that this is unnecessary, the facts found by the court are not sufficient to support a judgment in favor of defendant.

The first point appears to have been disposed of by a number of decisions of the supreme court adversely to appellants' contention. Findings, as a rule, should be of ultimate facts, but it is not necessary that these should be in the language of the pleading (*Clary* v. *Hazlitt*, 67 Cal. 286, [7 Pac. 701]), and where probative facts are found, and the court can declare that the ultimate facts necessarily result from the facts which are found, the finding is sufficient. (*Alhambra Water Co.* v. *Richardson*, 72 Cal. 601, [14 Pac. 379]; *Mott* v. *Ewing*, 90 Cal. 235, [27 Pac. 194].) It is not necessary that the court find in direct language that the action was barred by the statute, but it may find the facts which show that it was so barred. It is not necessary that the facts as found should be in any particular form or follow the pleadings. If the truth or falsity of each material allegation in issue can be demonstrated from the findings, the law is complied with. (*Ready* v. *McDonald*, 128 Cal. 665, [79 Am. St. Rep. 76, 61 Pac. 272].)

The findings in the case at bar show, as to the two promissory notes to be considered on this appeal, that: They were

executed in renewal of two other notes previously given by plaintiffs (with other persons named) to the same payee. The corporation, of which defendant was a stockholder, was not a party to or signer of these original notes, but the money borrowed thereon was received by and applied to the use and benefit of the corporation. One of the original notes was dated October 5, 1899, and was for the sum of $3,000. The note given in renewal of this was dated January 23, 1903, and was for the sum of $3,387.50, made up of said principal of $3,000 and the interest accruing to date of renewal. The other original note was dated January 12, 1900, for the sum of $2,500, and the note renewing it was dated January 23, 1903, and for the sum of $2,631, being the amount of the original principal sum with accrued interest added. The two renewal notes were executed by the corporation (Templeton Milling Company) and the signers of the original notes for which they were substituted and were given to the same payee, the Andrews Banking Co. The Templeton Milling Company received no consideration whatever for the execution of the two renewal notes, and no money was had or received by it on account thereof, except that which it received when the original notes were given. It appears from the findings that the execution of the renewal notes was authorized by a resolution of the board of directors of the milling company passed and adopted at a regular meeting, in which resolution it was expressly declared that the corporation signed as principal and the others as sureties. It is also found that at the meeting at which said resolution was adopted plaintiffs and three others of the signers of the original notes were present and acted as directors of said corporation and constituted a majority of the directors in attendance, and that each and all of them voted for said resolution.

The cause of action here under consideration is a "liability created by law," as that term is used in section 359 of the Code of Civil Procedure (*Green* v. *Beckman,* 59 Cal. 545; *Moore* v. *Boyd,* 74 Cal. 167, [15 Pac. 670]), and an action must be brought thereon within three years after the liability was created. (*Hunt* v. *Ward,* 99 Cal. 614, [37 Am. St. Rep. 87, 34 Pac. 335].) The statute begins to run against the stockholder's liability as soon as the debt is contracted, and the giving of a note as an evidence of the debt at a later date by the

corporation does not operate to extend the time within which an action may be brought against the stockholder. (*Hyman* v. *Coleman,* 82 Cal. 650, [16 Am. St. Rep. 178, 23 Pac. 62] ; *Redington* v. *Cornwell,* 90 Cal. 63, [27 Pac. 40] ; *Winona* v. *Bull,* 108 Cal. 1, [40 Pac. 1077].) If the liability of the stockholder be created by the giving of a note by the corporation, the statute commences to run in his favor from the date of its execution and not from its maturity. The postponement of the liability of the corporation to action by an agreement on its part with the creditor does not affect the running of the statute in favor of the stockholder. (*Bank of San Luis Obispo* v. *Pacific Coast S. Co.,* 103 Cal. 594, [37 Pac. 499].) A note given in renewal or extension of the indebtedness of a corporation cannot operate to renew or extend the liability of the stockholder or prevent the statute of limitations from running against it. (*Santa Rosa Bank* v. *Barnett,* 125 Cal. 407, [58 Pac. 85] ; *Goodall* v. *Jack,* 127 Cal. 258, [59 Pac. 575] ; *Jones* v. *Goldtree Bros.,* 142 Cal. 383, [77 Pac. 939].)

Appellants contend that, accepting the law to be as declared by the cases cited, another rule, found in *Yule* v. *Bishop,* 133 Cal. 574, [65 Pac. 1094], is applicable here. That is, that the payment by a surety or accommodation maker or indorser of a promissory note extinguishes the note, but that a new cause of action immediately accrues in favor of such surety, accommodation maker, or indorser against the real maker upon an implied *assumpsit* to repay the money so advanced. That in case of a corporation, the liability of the stockholder of such corporation to such surety, etc., to reimburse him would not be barred until three years after date of the payment of the note. (See, also, *Loewenthal* v. *Coonan,* 135 Cal. 381, [87 Am. St. Rep. 115, 67 Pac. 324] ; *Crystal* v. *Hutton,* 1 Cal. App. 251, [81 Pac. 1115] ; *Enscoe* v. *Fletcher,* 1 Cal. App. 663, [82 Pac. 1075].)

It is not altogether clear upon what theory, if any, appellants regard the original obligation or debt. Under the findings made by the trial court, this is the important question in considering the defense of the bar of the statute of limitations. The original indebtedness of the corporation was either to the Andrews Banking Company, or to plaintiff and his comakers of the original notes, and the "liability was cre-

ated" at the time they were made. (Sec. 359.) It is clear that in an ordinary action at law the Andrews Banking Company could have recovered nothing on the original notes from the milling company or its stockholders as such. The debt of the corporation, therefore, was on an advancement to it by the makers of the original notes. These were dated October 5, 1899, and January 12, 1900, respectively. No action could have been brought on the first one against the stockholders after three years from October 5, 1899, and none on the second after three years from January 12, 1900, unless something occurred to toll the statute. Not until January 23, 1903, was anything of this character done or attempted. On that date, the Andrews Banking Company accepted the Templeton Milling Company as its principal debtor and the makers of the original notes as sureties. This change of the corporation's obligee did not operate to revive the liability of defendant on the original debt; and the notes being but new evidence of the same obligation, based upon the same original indebtedness, they did not create a new liability of the corporation, as to which plaintiffs became sureties, and entitled to avail themselves of the rule laid down in *Yule* v. *Bishop,* 133 Cal. 574, [65 Pac. 1094].

If it be conceded that the Andrews Banking Company could have recovered on these so-called renewal notes, not only against the Templeton Milling Company but against the defendant on his statutory liability as a stockholder, it does not follow that this is true as to plaintiffs. Their effort, acting as a majority of the board of directors of the corporation, to change their position from that of a creditor of the milling company to that of a surety for the corporation on an obligation of the latter to the banking company does not affect their status as to the real indebtedness. If, as to the Andrews Banking Company, the renewal notes were an original obligation of the milling company, as to plaintiffs the rule as to the action of directors of a corporation clearly prevents any change in the indebtedness to their advantage against either the corporation or the stockholders thereof. Plaintiffs are here attempting to recover upon a contract of the corporation which was created by them as directors in their own interest. Such a contract is void. The law does not stop to inquire into the fairness or unfairness of the transaction. (*Pacific*

*Vinegar Works* v. *Smith,* 145 Cal. 352, [104 Am. St. Rep. 42, 78 Pac. 550].)

Judgment of the superior court affirmed.

Allen, P. J., and Shaw, J., concurred.