[L. A. No. 12149.  In Bank.—April 1, 1930.]

W. H. WASS, Respondent, v. A. M. KEENE, Appellant.

Dorsey & Campbell for Appellant.

Wiley & Harvey and Harvey & Heard for Respondent.

CURTIS, J.—This action was brought to recover against the defendant on his alleged liability as a stockholder of

the Wm. H. Reid & Co., Inc., a corporation. The facts in this case are in many respects similar to those in the case of *Comeau* v. *Keene, ante,* p. 256 [286 Pac. 1038]. The Wm. H. Reid & Co., Inc., was a corporation carrying on a stock brokerage business, and defendant, one A. T. Connard, and Wm. H. Reid were its sole stockholders. This corporation and these persons and the relations they sustained to the creditors of said corporation are set forth and referred to in the opinion rendered in the case of *Comeau* v. *Keene, supra,* and the defendant herein is the same person who is defendant in said action, and this action is predicated upon his ownership of the same stock in said corporation which was made the basis of said action of *Comeau* v. *Keene.*

The findings in the present action present the following state of facts: In January, 1924, the plaintiff entered into a tentative agreement to open a trading account with the Wm. H. Reid & Co., Inc. At that time the defendant was a stockholder of said corporation. In pursuance of said agreement, plaintiff in the latter part of the month of March delivered and deposited with said corporation the sum of $3,350 "as a guarantee to said company for the full performance of his selling and purchasing orders to said company"; that on May 26, 1924, it was mutually agreed between said parties that said agreement should cease and terminate; that said sum of $3,350 was never withdrawn nor was it ever paid to the plaintiff, although frequent demands therefor had been made by the plaintiff on said corporation for its payment; and that at the time the plaintiff entered into said agreement the defendant Keene was the owner of 1,000 shares of the capital stock of said corporation. Upon these findings of fact, judgment was rendered in favor of the plaintiff, and the defendant has appealed.

It will be noted that while the court found that defendant was a stockholder in said corporation at the time said agreement was entered into, that is in January, 1924, there is no finding as to whether defendant owned any stock in said corporation on the twenty-ninth and thirty-first days of March, 1924, the dates on which the plaintiff delivered and deposited with said corporation said sum of $3,350. (The findings show that said sum of $3,350 was deposited with said company by plaintiff in two equal amounts on

the two dates last mentioned.) In the brief filed by counsel for the plaintiff it is asserted that both Keene and Connard transferred their stock in said corporation to Wm. H. Reid on March 11, 1924. This appears to be an admitted fact in the case. We take it, therefore, that the position of the plaintiff is that by the agreement entered into between the plaintiff and the Wm. H. Reid & Co., Inc., in January, 1924, a liability was then created against said corporation and in favor of the plaintiff to pay to the plaintiff any money that might thereafter become due him in any transaction having its inception in said agreement, and accordingly that the stockholders of said company who were such at the date of said agreement were responsible for their proportionate share of any indebtedness that might thereafter be incurred by said corporation under said agreement.

The correctness of this position will depend in a large measure upon the character of the agreement upon which the plaintiff relies. We will, therefore, set out in full the finding of the court embodying said agreement. It is as follows: "That in or about the month of January, 1924, plaintiff herein entered into an agreement with said Wm. H. Reid & Co., Inc., hereinafter called the Company, wherein and whereby it was agreed between the plaintiff and said Company, that plaintiff might order through and by said Company the sale or purchase of such corporate stocks and bonds as he might designate to said Company and that said Company would purchase or sell for the account of said plaintiff such corporate stocks and bonds and that plaintiff should from time to time, as demanded of him by said Company, or as desired by said plaintiff in excess of such demands, deliver to said Company such sum or sums of money, or such corporate stocks and bonds in such value as in the judgment of said Company would guarantee it against loss through the failure of plaintiff to pay said Company the full purchase price of such corporate stocks and bonds as he might order through and by it, or through his failure to deliver or cause to be delivered to the purchasers such corporate stocks and bonds as he might order sold by said Company, and that whenever plaintiff or said Company desired to close plaintiff's account with said Company, or whenever said agreement should terminate, said Company should return to said plaintiff all sums

of money and all corporate stocks and bonds which plaintiff might have deposited with said Company, or might have left in the possession of said Company as a guarantee for the full performance of its purchasing and selling orders as aforesaid.''

Did the mere making of this agreement without the deposit of any money or other property thereunder, or until acted upon in some manner by the parties thereto, create any liability for or against said corporation? A most cursory reading thereof compels a negative answer to the question. At most, it was but a tentative agreement upon which the parties would transact business in case they should thereafter conclude to deal with each other. The plaintiff was under no obligation, after the making of said agreement, to open a trading account with said corporation, or to transact any business whatever with the Wm. H. Reid & Co., Inc. Neither was the corporation under any obligation to the plaintiff until the latter had in some manner acted under said agreement either by placing with the Company an order for the purchase of stocks or bonds, or by depositing money or property with said corporation for some purpose enumerated in the agreement. Until some action was taken by plaintiff thereunder, the corporation could with perfect propriety and without violating any rights of the plaintiff have recalled the agreement and ended all negotiations with the plaintiff. Until acted upon by the plaintiff it was a mere offer of the corporation and could be withdrawn at any time.

This may have been the type of agreement referred to by Mr. Justice Olney in his concurring opinion in the case of *Chambers* v. *Farnham,* 182 Cal. 191, 197 [187 Pac. 732, 734], wherein he says: ''I think, however, it should be said, in addition, that the statement that the date of the incurrence of the contractual obligation by a corporation is the date of the contract has reference only to those cases wherein an obligation, either absolute or contingent, is assumed by the corporation by the very making of the contract itself. This is true in the great generality of cases, but there are not infrequently cases where it is not true. Instances are not uncommon of contracts which, when made, are purely unilateral and under which one of the parties assumes no obligation whatever until the hap-

pening of some event entirely within the control of such party. An example is where a contract is made to sell upon certain fixed terms such specified goods or articles as the vendee may subsequently order. Under such a contract no obligation is incurred by the vendee until an order for the goods is given, and if the vendee is a corporation, the statute of limitations as to the liability of its stockholders for the price of the goods will begin to run from the date of the order and not from the date of the original contract.''

The same principle is involved in actions of a depositor against stockholders of a bank. In such case, it is held that the liability is created not when the account is opened but when the particular deposit is made. (*Gardiner* v. *Royer*, 167 Cal. 238 [139 Pac. 75]; *Jones* v. *Goldtree Bros. Co.*, 142 Cal. 383 [77 Pac. 939]; *Wells* v. *Black*, 117 Cal. 157 [59 Am. St. Rep. 162, 37 L. R. A. 619, 48 Pac. 1090].)

The principles of law governing the case of *Comeau* v. *Keene, supra,* are applicable to the facts in the present case. In the former case, a trading agreement had been entered into between the corporation and the plaintiff in said action and said plaintiff had made a deposit of bonds to secure any indebtedness that might arise under said agreement. This was all done while the defendant Keene was a stockholder of the corporation. But after Keene had disposed of his stock, the plaintiff in said action directed the corporation to sell said bonds, thus terminating the original contract under which said bonds were held as security and creating a new relation between the parties, a new and different obligation than that which existed under the original agreement. We accordingly held as the liability of the corporation to account for the proceeds of said sale had its inception in the order of sale, and at a time when the defendant therein was not a stockholder of said corporation that said defendant was not liable as a stockholder of said corporation, for any part of the debt of the corporation resulting from the sale of said bonds, and the failure of the corporation to pay to the plaintiff therein the proceeds of such sale.

In this action it was the deposit of the money with the corporation, and the receipt thereof by the corporation, which created the liability upon which the plaintiff herein must recover, if recovery is to be had. At the date of said

deposit and receipt, the defendant Keene was not a stockholder in said corporation. He is not, therefore, liable for any portion of the indebtedness arising out of said transaction.

The judgment is reversed.

Richards, J., Shenk, J., Preston, J., Waste, C. J., and Seawell, J., concurred.