[L. A. No. 12130. In Bank.—April 1, 1930.]

W. A. COMEAU, Appellant, v. A. M. KEENE, Respondent.

Wiley & Harvey and Harvey & Heard for Appellant.

Dorsey & Campbell for Respondent.

CURTIS, J.—Appellant brought this action to enforce an asserted stockholder's liability against the respondent, as a stockholder of Wm. H. Reid & Co., Inc., a corporation. The trial court upon sufficient competent evidence found as follows:

"That on or about the 29th day of December, 1923, the plaintiff herein agreed with said Wm. H. Reid & Co. to open a trading account with the said Wm. H. Reid & Co., whereby the said Wm. H. Reid & Co., as ordered by the plaintiff, would buy or sell for the account of plaintiff, stock, bonds and securities. That for the purpose of securing the payment by plaintiff of any sums for which he might become obligated in so purchasing and selling stocks, bonds and securities through the agency of the said Wm. H. Reid & Co., the plaintiff deposited with the said Wm. H. Reid & Co., five bonds of Brandram-Henderson Company, a corporation, two of said bonds being in the denomination of Five Hundred ($500.00) Dollars each, and three of said bonds being in the denomination of One Thousand Dollars ($1000.00) each. That no other or different special contract or agreement other than the order of sale hereinafter mentioned was made between plaintiff and the said Wm. H. Reid & Co., of and concerning the said bonds than as heretofore in this paragraph set forth. That on said date, to-wit: the 29th day of December, 1923, no formal subscrip-

tion to the stock of the said Wm. H. Reid & Co. had been made by any person, but it had been understood and agreed between Wm. H. Reid, A. T. Connard and A. M. Keene that each of said persons would subscribe equally to the capital stock of said corporation, Wm. H. Reid & Co., and on said date, by virtue of such understanding, the entire capital stock of said corporation had been in fact subscribed by Wm. H. Reid, A. T. Connard and A. M. Keene in equal parts.

"That on the 11th day of March, 1924, there was issued to him, the said A. M. Keene, one thousand (1000) shares of the capital stock of said Wm. H. Reid & Co., Inc., a corporation, being the total number of shares to which he had subscribed and that he, the said A. M. Keene, immediately thereafter and while the said bonds of the said Brandram-Henderson Company remained on deposit, as security as aforesaid, and on or about the 11th day of March, 1924, endorsed the said one thousand (1000) shares of the capital stock of said Wm. H. Reid & Co., Inc., and for a good and valuable consideration transferred the same, together with all interest he had, or might have had, in said Wm. H. Reid & Co., Inc., unto the said Wm. H. Reid who thereupon received and retained the same.

"That thereafter and in the month of June, 1924, pursuant to an order given to the said Wm. H. Reid & Co., Inc., by the plaintiff in the above entitled action, the said bonds of Brandram-Henderson Company were by the said Wm. H. Reid & Co., Inc., sold and disposed of; that the said Wm. H. Reid & Co. sold and disposed of said bonds for the sum of Three Thousand Five Hundred Eighty-six and 38/100 Dollars. That at said time the plaintiff owed to the said Wm. H. Reid & Co. on account of said trading account a balance of Two Hundred Forty-nine and 67/100 Dollars ($249.67). That the said Wm. H. Reid & Co. has not accounted to or paid over to plaintiff the balance of the selling price of said bonds, to-wit: the sum of Three Thousand Three Hundred Thirty-six and 61/100 dollars ($3,336.61), or any part thereof."

Appellant questions the sufficiency of the evidence to support the findings of the court as to the proportionate amount of the stock of the Wm. H. Reid & Co., Inc., owned by A. M. Keene, and also that the bonds deposited by the

plaintiff with said corporation were sold "pursuant to an order given to Wm. H. Reid & Co., Inc., by the plaintiff." We think there is substantial evidence in the record to support each of these findings, and we deem it unnecessary to discuss in detail the testimony of the various witnesses bearing upon the issues involved in said findings.

The facts as found by the court, to state them briefly, show that on December 29, 1923, when the plaintiff opened a trading account with said corporation, and deposited the five bonds of the Brandram-Henderson Company, a corporation, with Wm. H. Reid & Co., Inc., for the purpose of securing the payment of any sums of money that might become due from him, A. M. Keene was at least the equitable owner of 1,000 shares of the capital stock of said corporation; that on March 11, 1924, the said Keene sold, assigned and transferred all of his stock in said corporation to Wm. H. Reid; and thereafter, and in the month of June of the same year, the said corporation sold said bonds of the Brandram-Henderson Company, deposited by the plaintiff, and after paying an indebtedness then owing by the plaintiff to said corporation, there remained in the hands of said corporation the sum of $3,336.61, which sum of money was the property of the plaintiff, but said corporation failed to account to or pay over to the plaintiff said sum of money or any part thereof. The conclusion of law drawn by the trial court from these facts was that the liability of said corporation to account to the plaintiff for the proceeds of said sale of stock was created in the month of June, 1924, and not before. It accordingly held that as Keene was not then a stockholder in said corporation, he was not liable for the payment of any part of said sum of $3,336.61, which the corporation failed to account for or pay over to the plaintiff.

Appellant, the plaintiff in this action, contends that the trial court is in error in arriving at such conclusion and claims that the liability of said corporation to account to plaintiff for the proceeds of said sale of stock accrued and was created on December 29, 1923, at the date said bonds were deposited with said corporation. Appellant relies upon the two cases of *Coulter Dry Goods Co.* v. *Wentworth,* 171 Cal. 500 [153 Pac. 939], and *Chambers* v. *Farnham,* 182 Cal. 191 [187 Pac. 732], as supporting his contention that the liability which is the basis of this action accrued at the

date of the original agreement between him and said corporation, which was December 29, 1923.

These cases hold that the liability of the corporation for which the stockholders become responsible under the Constitution and statutes of this state is created at the time the corporation enters into contractual relations with third persons, and not upon the breach of the contract by the corporation, and therefore those stockholders are liable under the contract who were such at the time the corporation executed the contract.

The trial court, however, further found that Wm. H. Reid & Co., Inc., sold the Brandram-Henderson Company bonds belonging to the plaintiff pursuant to an order given to said corporation by the plaintiff. It appears from this finding that the sale of said bonds was not made under the contract of pledge by which Wm. H. Reid & Co. originally held said bonds, but by virtue of the order of plaintiff given to Wm. H. Reid & Co. in June, 1924. This order of sale from plaintiff and its acceptance by Wm. H. Reid & Co. as shown by the sale of said bonds created a new and independent contract between the parties and different from the original contract between them when the bonds were deposited with Wm. H. Reid & Co. by plaintiff as security for the latter's indebtedness. This original contract of pledge was terminated by the order of sale given by the plaintiff. Any liability created thereunder was extinguished by the later dealings of the parties. Whatever liability the corporation was thereafter under to the plaintiff was the liability growing out of or arising from the sale of said bonds by Wm. H. Reid & Co. under the express order of the plaintiff. This liability was, of course, to account to plaintiff for the proceeds of said sale. At the time plaintiff gave said order of sale in June, 1924, the defendant was not a stockholder of said company, he having parted with all of his said stock in said company, according to the court's finding, on March 11, 1924. The defendant was not, therefore, liable for any part of the indebtedness resulting from the sale of said bonds and the failure of Wm. H. Reid & Co. to account to the plaintiff for the proceeds of such sale.

The two cases of *Coulter Dry Goods Co.* v. *Wentworth, supra,* and *Chambers* v. *Farnham, supra,* are not applicable

to the facts in this case. On the other hand, the principles of law governing the questions involved in the present action are more like those enunciated in the following decisions from the courts of this state: *Yule* v. *Bishop*, 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094]; *Davies* v. *Torrance*, 188 Cal. 179 [204 Pac. 820]; *H. K. McCann Co.* v. *Denny*, 205 Cal. 147 [270 Pac. 190]; *Finch* v. *Finch*, 68 Cal. App. 72 [288 Pac. 553], and *Kempton* v. *Floribel Land & Imp. Co.*, 46 Cal. App. 456 [189 Pac. 478]. While none of these cases is directly in point, still they lay down general principles which shed considerable light upon the question presented in the present action. For instance, in the case of *Kempton* v. *Floribel Land & Imp. Co., supra,* the plaintiffs sued the corporation and two stockholders, the corporation for money theretofore paid by the plaintiffs to the corporation on account of the purchase price of certain lands, which the corporation had agreed to convey to the plaintiffs but had refused to do so, and the stockholders for the proportionate share of said money due from them respectively by reason of their ownership of stock in said corporation. It seems that plaintiffs had entered into a contract with said corporation in the year 1911 whereby the corporation had agreed to sell and convey to plaintiffs certain described land in Marin County. Under this contract, plaintiffs made certain payments called for by the contract and on July 16, 1917, tendered to the corporation the balance due on the contract and demanded a deed to the land from the corporation which the corporation refused to deliver. The plaintiffs, upon such refusal, treated the contract as rescinded and sued for the recovery of the money paid therein. In the opinion in that case the court said, "When it becomes clear that the vendor will not or cannot convey in accordance with the terms of his contract, the vendee may sue for damages for the breach, or he may sue in equity for specific performance or alternative damages, or he may treat the contract as rescinded by consent and sue at law for the money theretofore paid on account of the purchase price of the land, to be recovered not as damages, but as money had and received by the defendant to the use of the plaintiff. If the plaintiff is willing to waive all claims for equitable relief and for damages, the contract is extinguished as fully as it might have been by

full performance. (Civ. Code, secs. 1689, 1691.) . . . In such case the action is not on the original contract upon which the obligation of the stockholders, as well as the corporation, was fixed at its date, but upon an entirely new obligation to repay the plaintiff's money which was not incurred until the plaintiff elected to relieve the corporation from the old obligation. . . . These authorities show that the present case is within the reason of the rule announced in *Yule* v. *Bishop*, 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094], and not within that on which *Chambers* v. *Farnham*, 182 Cal. 191 [187 Pac. 732], was decided. The action was not on the old obligation to convey but on the new obligation to repay money to which the plaintiffs were entitled.''

So in the present action, the old obligation whereby the corporation was to hold said bonds as security for plaintiff's indebtedness, was extinguished by his order directing the corporation to sell said securities. The present action is not based upon the old obligation but upon the new one resulting from the order of plaintiff directing the sale of said bonds. As we have seen, the defendant was not then a stockholder of said corporation and, therefore, he was not legally liable to the plaintiff upon the obligation incurred by the corporation at the time it undertook the sale of plaintiff's said securities.

The case of *Fry* v. *Baltimore Hotel Co.*, 80 Cal. App. 415 [252 Pac. 752, 755], is in many respects similar to the present action. It was there held that ''where an entirely new, different, and distinct agreement is subsequently made, based upon a new and valuable consideration, even though some of the provisions of the former document are incorporated, or referred to and made a part of the new contract, where it is apparent that the purpose of the parties was not to renew or extend the former one, but rather to completely change and alter certain covenants therein contained, it is apparent that the execution of the latter document will create a new obligation on the part of both the corporation and the stockholders, from the date of which their liability will begin to run.''

The judgment is therefore affirmed.

Richards, J., Shenk, J., Preston, J., Waste, C. J., and Seawell, J., concurred.