## WOLF et al. v. ST. LOUIS INDEPENDENT WATER CO.

A PARTY who permits himself to stand on the books of a water company, incorporated under the statutes of this State, as a stockholder, and holds the office of secretary—to which no person but a stockholder is eligible—is not a competent witness for the company, in an action against it for overflowing plaintiffs' mining claim. He is liable for the debts of the company, and, therefore, interested.

The fact, that the stock was held in his name in trust for another—the transfer having been made simply to enable him to become an officer of the company—does not relieve him from responsibility.

The trust, in such case, is only implied; and the seventeenth section of the Corporation Act of 1853, applies only to the trustee of an express trust.

In such action, the fact that plaintiffs could have prevented the damage by pulling off a board from defendant's flume, and permitting the water to discharge above plaintiffs' claim, is no defense, because they were not obliged to avoid the injuries complained of by committing a trespass.

APPEAL from the Seventeenth District.

Action of damages for overflowing plaintiffs' mining claims. Defendant, a water company, owned a flume running across plaintiffs' claims. The water in the flume occasionally ran over the sides and on to plaintiffs' claims. On a certain night there was a severe snow storm, and in the morning the water of the flume was found pouring over its sides, for a distance of about ten feet, down on to a pile of pay dirt belonging to plaintiffs—the dirt being in a cut about twenty-five feet wide and ten feet deep, across which the flume ran. Sluices led from the cut into a ravine. The damage claimed was mainly for this pay dirt, washed away through the sluices and otherwise.

Plaintiff Wolf, on being informed by a neighbor in the morning, that the water was overflowing, etc., went to St. Louis, a mile distant, and notified defendant. By pulling off a board from the flume a few feet above the cut the overflow could have been stopped, but plaintiff declined to do so, alleging as his reason, that he had not the right.

On the trial, defendant offered as a witness one Wheeler, who testified on his voir dire, that he had no interest in the company; that the stock standing in his name was transferred to him for the sole purpose of making him eligible as secretary of the company, he receiving as such secretary a salary of one hundred dollars per month.

*Stewart & Thornton,* for Appellant.

1. The witness Wheeler was competent, being a trustee of the stock,

Wolf *v.* St. Louis Independent Water Co.

and hence within the exception of the statute. (Wood's Dig. 121, secs. 16 and 17 ; Empire City Bank, 18 N. Y. 223.)

2. By ordinary care plaintiffs might have avoided the injury complained of, and, therefore, cannot recover. (Sedg. on Damages, 93, 4–5, 142–3, 467–470 ; 2 Starkie's Ev. 741 ; Tit. Nuisance, 17 Pick. 284.)

*A. W. Baldwin*, for Respondents.

1. Wheeler was an ostensible partner, and interested in the event of the suit. (*Mokelumne Hill Canal Co.* v. *Woodbury*, 14 Cal. ; Collyer on Part. sec. 4, note 3 ; Id. secs. 86, 384, note 1, sec. 385–6.)

2. He was stockholder, and not trustee. It was necessary that he have the former character to hold the office of secretary.

3. Plaintiff having done nothing to produce the injury, was not obliged to do anything to prevent it—at least, not to tear off a board and commit a trespass.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

The witness Wheeler was incompetent, and was properly excluded. He permitted himself to be represented on the books of the company as a stockholder, and held the office of secretary, to which no person but a stockholder was eligible. Under these circumstances, every person dealing with the company had a right to suppose that he was a member, and he could not escape responsibility for the debts of the company, by showing that the stock standing in his name was held in trust for another. The trust, if any, was only implied, and we think the seventeenth section of the Corporation Act of 1853 was intended to apply only to the trustee of an express trust.

There is nothing in the point, that the plaintiffs might, by ordinary diligence, have avoided the injury of which they complain. They could have done so only by the commission of a trespass, and surely they are not to be denied redress because they have chosen to appeal to the law, rather than violate it.

Judgment affirmed.