## ANDREW WHITE *vs.* ALBERT P. CHAPIN.

In an action of tort for a nuisance, the fact that the plaintiff might have abated the nuisance, but did not, is no ground for mitigation of damages.

TORT for injury to land by obstructing a ditch on the defendant's premises, through which the plaintiff had a right to drain. The defendant was defaulted.

At the assessment of damages in the superior court by a jury, before *Rockwell, J.*, it appeared that the ditch remained obstructed for three years, and that during this period the plaintiff's land was injured by the obstruction.

The defendant requested the judge to instruct the jury that the measure of damages was the cost of clearing out the ditch; that if the plaintiff could have cleared out the ditch, he should have done so in a reasonable time; and that, if he did not, " the damage in consequence of his unreasonable delay, over and above the cost of clearing the ditch, was not reasonable ; " but the judge declined so to rule. The jury assessed damages in the sum of $100, and the defendant alleged exceptions.

*S. T. Spaulding*, for the defendant, cited *Loker* v. *Damon*, 17 Pick. 284 ; *Sibley* v. *Hoar*, 4 Gray, 222 ; *White* v. *Chapin*, 12 Allen, 520 ; *Randall* v. *McLaughlin*, 6 Allen, 201.

*W. Allen*, for the plaintiff.

CHAPMAN, C. J. The authorities cited by the defendant's counsel do not sustain the position that the plaintiff was under the necessity of seeking any part of his remedy by going upon the defendant's land and abating the nuisance caused by the obstructions which the defendant had there placed in the ditch. He had a right to elect his remedy by action at law, and thereby recover all the damages which the nuisance had occasioned to him.            *Exceptions overruled.*