WISCONSIN & ARKANSAS LUMBER COMPANY *v.* SCOTT.

Opinion delivered December 22, 1924.

DAMAGES—DUTY TO MINIMIZE LOSS.—Though the destruction of plain-
tiff's pasture fence by fire was caused by the negligence of
defendant, plaintiff cannot recover for the loss of his cattle if
he knew of such destruction in time, by the exercise of ordinary
care, to prevent the escape of the cattle and their consequent
loss.

Appeal from Hot Spring Circuit Court; *Thomas E.
Toler,* Judge; reversed.

*T. D. Wynne* and *Henry Berger,* for appellant.

The court erred in not directing a verdict for the
defendant. 159 Ark. 484. A property owner is required
to do whatever is reasonably necessary to protect his
property from injury, and cannot permit the injury to
occur and claim full damages when he might have pre-
vented it or lessened its effect by a reasonable expendi-
ture. 123 Ark. 8; 102 Ark. 246.

*D. D. Glover* and *A. W. Jernigan,* for appellee.

WOOD, J. This action was instituted by Eva Jerni-
gan, Sarah McKee Vance and J. T. Scott against the Wis-
consin & Arkansas Lumber Company and Arkansas Land
& Lumber Company. The plaintiffs, Jernigan and Vance,
alleged that they were the owners of certain lands over
which the defendants had constructed their railroad;
that, on the first of August, 1922, defendants negligently
set out fire and burned plaintiffs' fence, to their damage
in the sum of $75; that J. T. Scott had rented the lands

for the year 1922, and, by reason of the burning of the fence, they had been unable to collect their rent from Scott in the sum of $75. They prayed for damages in the sum of $150.

J. T. Scott alleged that he had rented the lands from the co-plaintiffs, and that he was using the same as a pasture for his stock, consisting of horses, hogs and cattle; that he had sustained damage by reason of the loss and destruction of the fence in the sum of $150, and had been deprived of the use of the pasture in the additional loss of $50, and prayed judgment in the sum of $200.

The defendants denied the allegations of the complaint. The cause was submitted to the jury, which, upon the evidence adduced, returned a verdict in favor of the defendants against Mrs. Vance and Mrs. Jernigan and in favor of the plaintiff, Scott, in the sum of $112.50. Judgment was rendered in favor of the plaintiff, Scott, against the defendants in that sum, from which the defendants appeal.

The appellee predicates his right to recover upon the alleged negligence of the appellants in setting out fire and destroying the fence, which he alleged caused his damage. The appellants, on the other hand, denied that there was any negligence. The issue as to whether appellants negligently set fire to the fence which inclosed the land appellee had rented was submitted to the jury under correct instructions, and it suffices to say that this issue, under the evidence, was one of fact for the jury, and their verdict is conclusive here on that issue.

Among other instructions, the court gave the following, at the instance of the appellee: "No. 4. You are instructed that, if you find from the evidence in this case that the defendant company negligently burned the fence that inclosed the plaintiff, John Scott's, hogs, and you find from the evidence that the defendant company knew that the stock was so inclosed, it would be its duty to exercise ordinary care to prevent them from escaping from said inclosure, and if you find from the evidence that it did not exercise that degree of care, and you find

that the plaintiff's damage was caused thereby, it will be your duty to find for John Scott in whatever sum he was damaged by its failure to exercise ordinary care, unless you further find that John Scott did not exercise proper care to prevent said loss.'' And, at the instance of the appellants, the court gave the following instruction: ''No. 7. The court instructs the jury that it was the duty of John T. Scott to do whatever was reasonably neces-sary to protect his hogs from straying away from the premises complained of, after the fire, and if you find from the evidence in this case that he did not reasonably exert himself to prevent said hogs from straying off, then, in that event, he cannot recover, and your verdict will be for the defendant.''

The appellee testified to the effect that, when he saw the fire late Friday evening, the section crew of the appellants was with the fire and had it under control, and he expected that they would put up a fence or guard it so that no further damage could occur. He went early Saturday morning, and worked about two weeks to get what stock he could. He knew that the stock would get out of the inclosure unless some one prevented them from doing so. He had something else to do, and made no effort to gather together the stock, nor did he employ any one to watch the burned space to prevent the stock from getting out. About sixty head of stock escaped from the pasture, and seventeen head of hogs were entirely lost, weighing about 150 pounds each, and worth at least $150. It cost him at least $50 to feed them by reason of the loss of the use of the pasture, and he placed his entire damage at the sum of $250.

The above instructions were in conflict and calcu-lated to mislead the jury. If the appellee had knowledge of the destruction of his inclosure by the appellants soon after it occurred and in time for him to prevent the escape of his stock, it was his duty to exercise ordinary care to prevent his stock from escaping, and this duty did not devolve upon the appellants. But instruction No. 4, given at the instance of the appellee, was calculated to

cause the jury to believe that it was the duty of the appellants to prevent appellee's stock from escaping after the fence was destroyed, even though the appellee had knowledge of the fact that the fence was destroyed and could himself, by the exercise of ordinary care, have prevented the escape of his stock. To be sure, if the destruction of appellee's pasture fence was caused through the negligence of the appellants in putting out fire, and this negligence was the proximate cause of the appellee's damage, then he was entitled to recover. On the other hand, even if the appellants' negligence caused the destruction of the fence, yet if the appellee knew of such destruction in time that by the exercise of ordinary care he could have prevented the escape of his stock and failed to exercise such care, then the proximate cause of the damage caused by the escaping of the animals was the appellee's own negligence.

As was said by us in *L. N. O. & Texas Rd. Co. v. Jackson*, 123 Ark. 1-8: "The property owner is required to do whatever is reasonably necessary to protect his property from injury, and cannot permit the injury to occur and then claim full damages when he might have prevented it or lessened its effect by a reasonable expenditure." See also *Western Union Tel. Co. v. Ivey*, 102 Ark. 246.

For the error in giving appellee's prayer for instruction No. 4, the judgment is reversed and the cause remanded for a new trial.