Missouri Pacific Railroad Company *v.* Baker.

4-3193

Opinion delivered November 13, 1933.

R. E. *Wiley* and E. W. *Moorhead,* for appellant.
P. S. *Seamons,* for appellee.

Mehaffy, J. F. Y. Baker and John Finley brought separate suits against the Missouri Pacific Railroad Company for damages, alleging that the appellant negligently allowed culverts on its road to become clogged with mud, sticks and debris to such an extent that the surface waters could not pass through said culverts, thereby flooding the lands of appellees, and causing the destruction of growing crops.

The complaints were the same, except the description of the lands and the amount sued for. Finley asked damages in the sum of $800, and Baker asked damages in the sum of $1,100.

The appellant filed answer in each suit, denying the material allegations in the complaints. There was a verdict and judgment in favor of Baker in the sum of $250, and in favor of Finley in the sum of $162. The case is here on appeal.

There was some conflict in the evidence, but there was ample evidence to justify the jury in finding that the culverts had become clogged and partially stopped up, so

as to retard the flow of the water, and cause it to damage the crops.

It is first contended by the appellant that the evidence is insufficient to support the verdict. Several witnesses testified in substance that in the mouths of the two culverts was everything that grows, cockle burs, grass, weeds, blackberry bushes and debris. None of the witnesses testified that the culverts were completely stopped up, so that no water could pass through, but they testified that they were partially filled, so as to retard the flow of the water, and cause the water to stand on the land and damage their crops.

It is next contended that the court erred in refusing to give instruction No. 3 requested by appellant. That instruction, among other things, told the jury that it was the duty of the appellees to minimize the damages by opening the drain, and charge the appellant with the expense of doing so. The instruction also stated that any part of said damages that they could have thereby prevented they cannot recover for.

It is true the evidence shows that it would not have cost very much to clear the culverts out, but we do not agree with the appellant that this was the duty of the appellees.

The first case relied on by appellant as supporting this contention is the case of *Wisconsin & Arkansas Lumber Company* v. *Scott,* 167 Ark. 84, 267 S. W. 780. That was a case where a suit was brought for negligently burning plaintiff's fence, and the court held that, if the fence was negligently burned, still if the appellee knew of such destruction in time that, by the exercise of ordinary care, he could have prevented the escape of his stock, and failed to exercise such care, then the proximate cause of his damages was his own negligence. However, this was the landowner's fence. He could have repaired the damage on his own land without trespassing on the land of another.

The next case is *Louisville, N. O. & Texas Rd. Co.* v. *Jackson,* 123 Ark. 1, 184 S. W. 450. That case also holds that it is the duty of a person to minimize his damages.

Appellant cites other cases, but none of the cases relied on hold that it is the duty of a person to minimize his damages where he must commit a trespass in order to do so.

It is ordinarily the duty of one who has been damaged by the negligence of another to exercise reasonable care to minimize the damages, but we have never held that a person should minimize his damages by committing a trespass on another's property. The appellees in this case could not have cleaned out the culverts without trespassing on appellant's land.

In the case of *Wolf* v. *St. Louis Independent Water Co.*, 15 Cal. 319, the court said: "There is nothing in the point that plaintiffs might, by ordinary diligence, have avoided the injury of which they complain. They could have done so only by the commission of a trespass, and surely they are not to be denied redress because they have chosen to appeal to the law, rather than violate it." To the same effect is the case of *White* v. *Chapin*, 102 Mass. 138.

The Illinois court said: "If, however, the obstruction is on the right-of-way of appellant, appellees have no right to enter thereon to remove it, as the law will not require them to commit a trespass to remove the obstruction, even if it would, as contended, cost but a trifle, nor can appellant require them to enter its right-of-way to remove obstructions." *C. R. I. & P. Ry. Co.* v. *Carey*, 90 Ill. 514. See also *Fromm* v. *Ide*, 23 N. Y. S. 56; *Gulf C. & S. F. Ry. Co.* v. *Reed*, (Tex. Cir. App.), 22 S. W. 283; *Wabash Rd. Co.* v. *Campbell*, 219 Ill. 312, 76 N. E. 346, L. R. A. 3 (N. S.) 1092.

It was therefore not the duty of the appellees to minimize their damages by trespassing on appellant's property.

It is next contended by appellant that the court erred by permitting evidence that the culverts were not large enough. The evidence tending to show that the culverts were too small was brought out in answer to a question of appellant's attorneys. The court, at the request of appellant, gave the following instruction: "You are instructed that the fact that there is a railroad embank-

ment there or that the drains under the embankment may not be as large as necessary in the opinion of some witnesses cannot be considered by you in arriving at your verdict, as this suit is based solely upon the allegations that the drains were stopped up.''

There was substantial evidence to support the verdict, and the judgment is affirmed.