[No. 8,061.—Department One.]

## JOHN GREEN v. WILLIAM BECKMAN ET AL.

CORPORATION — ACTION AGAINST STOCKHOLDERS — STATUTE OF LIMITA-
TIONS.—In an action against stockholders to recover money had and re-
ceived by the corporation more than two and less than three years be-
fore the commencement of the action, *Held* (under § 359, C. C. P.):
The action was brought in proper time.

APPEAL from a judgment for the defendant in the Superior
Court of the County of Sacramento. —— J.

*Catlin & Hamburger*, for Appellant.

The liability of the defendants is created by statute. It is
a peculiar, special, and limited liability. (Civil Code, § 322.)
It does not exist at common law, and is created only by stat-
ute. (*Salt Lake City Nat. Bank* v. *Hendrickson*, The Re-
porter, vol. 6, p. 212; *Terry* v. *Little*, Reporter, vol. 9, p. 335,
U. S. S. C.)

The time limited for commencement of actions to recover
upon such liability is fixed at three years by Section 359, C.
C. P.

*George Cadwalader* and *R. T. Devlin*, for Respondents.

The liability of defendants is not created by statute.

In this State corporations are created under general laws,
and their powers and duties and the liability placed upon
them and their stockholders, though regulated by general
laws, and essentially different in many particulars from those
of corporations as they formerly existed in England, do not
for this reason render any such liability, a statutory liability
within the meaning of the Statute of Limitations.

The liability which a stockholder assumes is a contract lia-
bility, and is barred by Section 339, Subdivision 1. (*Corning*
v. *McCullough*, 1 Comst. 55; Potter on Corporations; *Coleman*
v. *White*, 14 Wis. 700; *Piller* v. *S. P. R. R. Co.*, 52 Cal. 42.)

Section 359, Code Civil Procedure, has no application to
this case.

It must be evident that this section throughout speaks of
tortious acts, and not of liability arising from contract. It

speaks throughout of penalties and forefeitures. These are the specific terms included by the generic term, "liability created by law."

How can a creditor who sues for a debt be said to be an "aggrieved party" within the meaning of the statute? That term implies fraud or misrepresentation. Then section 359 says the action may be brought within three years after the discovery of the facts, etc., yet it has been decided time after time, both in this State and in other States, that the statute begins to run from the time of the contraction of the debt, or the time it becomes due. (*Davidson* v. *Rankin,* 34 Cal. 503; *Stilphen* v. *Ware,* 45 id. 110. Thompson on Liability of Stockholders, Sec. 292; *Carroll* v *Green,* 92 U. S. (2 Otto), 509; *Lindsay* v. *Hyatt,* 4 Ed. Ch. 104; *Baker* v. *Atlas Bank,* 9 Metc. 182; *Conklin* v. *Furman,* 57 Barb. 484; *Commonwealth* v. *Cochituate Bank,* 3 Allen, 42.)

The COURT:

The suit is brought against stockholders to recover money had and received by a corporation more than two and less than three years before the commencement of the action. Defendants demurred generally, and also specially that it appeared from the complaint that the cause of action did not accrue within two years, etc. The Court below sustained the demurrer.

The construction of Section 359 of the Code of Civil Procedure is not free from difficulty. The section reads: "This title does not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce a liability created by law, but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created."

It was held in New York, that a suit against a stockholder of a corporation to charge him individually with a debt contracted by it, pursuant to a provision of the act of incorporation, was not an action spoken of in the Statute of Limitations as "an action upon a statute, for a forfeiture or cause, the benefit and suit whereof is limited to the party aggrieved." (*Corning* v. *McCullough,* 1 Comst. 47.) In the

same case it was held, that where the charter of an incorporated company provided that the stockholders should be liable for its debts, and that a creditor could, after judgment obtained against the corporation, and execution returned unsatisfied, sue any stockholder and recover his demand, such stockholders were liable in an original and primary sense, like partners or members of an unincorporated association, and their liability was not *created* by the statute of incorporation.

That, under such an act, the liability of the stockholders was primary, may be admitted. *A fortiori* when, as under our Code, the stockholder may be proceeded against originally for his proportion of a corporation debt. And so it has been repeatedly held in this State. In the New York case it would have been enough to have said that the stockholder was liable as upon his implied contract, arising out of the circumstance that he became a stockholder under the statute which imposed the obligation, and that an action based upon his implied promise, was not an action upon a statute for a *forfeiture*, or cause in the nature of a forfeiture. Section 359 of the Code of Civil Procedure is broader in its terms than the statute referred to in *Corning* v. *McCullough*, 1 Comst. 55. It provides that an action to enforce a liability created by law against the stockholder may be brought within three years after the discovery of the facts, etc. It is true, that the stockholder becomes a party to the contract by his own volition. It might be admitted, that, in the strict sense of the term, there may be, as insisted by respondents, no common law corporations, but, except for the express·language of our Constitution and statute, no such personal liability would attend the creation of a corporation proper.

Under our statutory law, then, the liability is created with respect to all stockholders, as stockholders, attaching itself to the particular individual when he becomes a stockholder. If the phrase " aggrieved party" suggests a *tort* committed, such is not the necessary consequence of the employment of the terms. Our attention has not been called to any provision of the statute which imposes any " penalty" or " forfeiture" upon a stockholder for any act as such, and no effect can be given to the words " liability created by law," unless we apply it to the liability which the law imposes when one

becomes a stockholder, and thus establishes the relation to the creditors of the corporation to which the law affixes the responsibility.

In *Salt Lake City Nat. Bank* v. *Hendrickson* (6 Rep. 212), the Supreme Court of New Jersey said: "The personal lia-bility of the officers and stockholders of a corporation, for a debt contracted by the corporation, must of necessity be the *creature* of the statute. Personal responsibility of stockholders is inconsistent with a body corporate at common law, and can arise only out of some positive prescription by legislative act." (Citing Field on Corporations, 55–74; *Seymour* v. *Sturgess*, 26 N. Y. 134, and other cases.) And in the Supreme Court of the United States, Chief Justice Waite said: "The individual liability of stockholders in a corporation is always a creature of statute. It did not exist at common law." (*Terry* v. *Little*, 9 Rep. 335.)

We conclude that the action was brought in proper time, and that the special demurrer should have been overruled. We think the general demurrer not well taken.

Judgment reversed and cause remanded, with directions to the Court below to overrule demurrer.