[S. F. No. 13939. In Bank.—January 31, 1933.]

PEIRCE COOMBES, Appellant, v. MILTON E. GETZ et al., Respondents.

Peirce Coombes, *in pro. per.*, McKinstry, Haber & Firebaugh, Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, McKinstry & Haber and J. C. McKinstry for Appellant.

Treadwell, Van Fleet & Laughlin, Leslie R. Hewitt, Walter L. Maas, Jr., Joseph L. Levinson and W. H. Douglas, as *Amici Curiae* on Behalf of Appellant.

Pillsbury, Madison & Sutro, Lawler & Degnan, Alfred Sutro and Eugene M. Prince for Respondents.

CURTIS, J.—This case was before us upon a motion to dismiss the appeal (213 Cal. 164 [1 Pac. (2d) 992, 4 Pac. (2d) 157]) and also before the Supreme Court of the United States (*Coombes* v. *Getz*, 285 U. S. 434 [52 Sup. Ct. Rep. 435, 76 L. Ed. 866]) on a writ of *certiorari* taken to said court for the purpose of reviewing the order of this court dismissing said appeal. Said order of dismissal was made by this court on the ground that section 3 of article XII of the state Constitution, upon which the plaintiff relies as authority for the maintenance of this action, had since its commencement been repealed by the electors of the state at the general election held in November, 1930. The Supreme Court of the United States reversed this order, and the case is now before us on its merits.

The action was brought by the plaintiff, a creditor of Getz Bros. & Company, a California corporation, to recover from respondent, Milton E. Getz, and others, as directors of said corporation, the amount of an indebtedness upon an open account for goods sold to the corporation by the assignor of plaintiff. The action is predicated upon the following provision of section 3 of article XII of the state Constitution, prior to its repeal in November, 1930: "The directors or trustees of corporations and joint stock associations shall be jointly and severally liable to the creditors and stockholders for all moneys embezzled or misappropriated by the officers of such corporation or joint stock association during the term of office of such director or trustee."

The trial court sustained a demurrer of defendant, Milton E. Getz, to plaintiff's second amended complaint. Plaintiff refused to amend and the judgment was accordingly given against him. From this judgment the plaintiff has appealed.

The second amended complaint (which we will hereafter refer to as the complaint) alleges that the plaintiff was, at the commencement of this action, a creditor of said corporation upon a claim assigned to him by the John Demartini Company for goods sold and delivered by said company within two years prior to the commencement of said action to Getz Bros. & Company, at the special instance and request of the last-named company, no part of which has been paid. After alleging the incorporation of Getz Bros. & Company, and that defendants were directors thereof, it proceeds to set forth in minute detail that while said defendants were such directors M. G. Franklin, one of said directors, who was also treasurer of said corporation, "during the years 1917 to 1920, both inclusive, knowingly, secretly, illegally, wilfully and fraudulently, and with intent to injure and defraud said Getz Bros. & Company misappropriated large sums of money of and from Getz Bros. & Company in excess of Five Hundred and Fifty Thousand Dollars ($550,000)''. It is not necessary to set forth here, as it is alleged in the complaint, the minute details of the various transactions carried on by Franklin, in and by means of which he succeeded in misappropriating and embezzling said sum of $550,000. We deem it sufficient to state that Franklin had charge of the export business of Getz Bros. & Company (referred to hereafter as Getz Bros.), and in that capacity made large purchases for his company from one A. C. Rulofson. By an arrangement and understanding between Franklin, Rulofson and one Samuels, an attorney at law, and attorney and close friend of Franklin, Rulofson billed the products so sold by him to Getz Bros. at an amount and price greatly in excess of the actual and true amount and price for which said products were agreed to be sold by said Rulofson to Getz Bros. Getz Bros. would then pay to Rulofson the false price at which said products were billed, and thereafter Rulofson, after deducting his commission, would pay the difference between the true price and the false price to Samuels, who in turn paid the greater part

thereof to Franklin. These transactions covered the years 1917 to 1920, both inclusive. None of the directors of Getz Bros. other than Franklin had any knowledge of these misappropriations, or of any of them, until on or about June 1, 1922, when through a former employee in the Federal Income Tax Department it was ascertained that Samuels had paid for the year 1917 an income tax of approximately $60,000 on account of alleged commissions purported to have been paid by Rulofson to Samuels during that year. At this time the board of directors of Getz Bros. consisted of Franklin, Milton E. Getz, M. O. Meyer and S. O. Meyer and R. A. May. May did not at this time learn of said misappropriation. Getz and the two Meyers, however, were informed thereof, but they assumed from the amount of income tax reported to have been paid by Samuels in 1917, "that the alleged commissions paid to said Leon Samuels by said A. C. Rulofson amounted to approximately one hundred and sixty thousand dollars ($160,000)", and they, therefore, made demand on Franklin, Rulofson and Samuels for payment to Getz Bros. of said amount, less the income tax paid by Samuels. No complete investigation was made at that time of the transactions carried on by Franklin, and it was assumed that the sum of $160,000 covered his entire misappropriations. None of the directors of said company other than Franklin had any knowledge at that time of any further misappropriations of Franklin. The demand for payment of said misappropriation of $160,-000, less the income tax paid by Samuels of $60,000, was settled by the payment of $70,000 to said three directors, Getz and the two Meyers, who, instead of paying the same to the corporation, fraudulently misappropriated the same to their own use. It is further alleged in plaintiff's complaint that neither the plaintiff nor any of the creditors of Getz Bros. had any knowledge of any of the transactions just related until some time in November, 1923, when R. A. May, one of said directors, who in the meantime had learned something of Franklin's misappropriations informed a representative and employee of one of the creditors, who was making an investigation of the affairs of Getz Bros. of the $70,000 settlement made by Franklin and associates with the three directors, Getz and the two Meyers. This information led to a complete and extensive examination of the

affairs of Getz Bros. which consumed a number of months and cost thousands of dollars, and which resulted in the discovery that Franklin and his associates had misappropriated and embezzled approximately $550,000 belonging to Getz Bros. It is not alleged when said investigation was concluded, but the pleadings do state that it was subsequent to December, 1923, that said representative and employee of the creditor who made discovery of the facts alleged therein related the same to plaintiff, and for the first time made him acquainted with said facts. The final paragraphs of said complaint state that the creditors of Getz Bros. are numerous and that the amount of their claims aggregate over $500,000, and that the action is brought on behalf of plaintiff and all other creditors who chose to join him and contribute to the expense of said action.

It is conceded that the original complaint in this action was filed December 22, 1925. The demurrer of defendant, Milton E. Getz, was both general and special; it also pleaded the statute of limitations, and expressly alleged that said action was barred as against defendant Milton E. Getz by section 359 of the Code of Civil Procedure. Before considering the merits of the appeal, it may be well to state that the only party defendant interested in this appeal is the defendant Milton E. Getz. Other defendants appeared in the lower court by separate counsel, but none of them is a party to this appeal. We should further state that the present action is not brought to recover said sum of $70,000, or any part thereof, which it is alleged Milton E. Getz and others misappropriated after collecting it from Franklin and his associates. Plaintiff in his opening brief expressly states that the complaint is not drawn on that theory ''since the allegations concerning the seventy thousand dollars are not set forth as a separate cause of action and, if plaintiff intended to accept the settlement in discharge of the company's claims, he would proceed solely upon the ground that the seventy thousand dollars were misappropriated funds of the corporation''. The only reservation which the plaintiff makes to this concession is that a court of equity having once obtained jurisdiction of a cause will dispose of the entire controversy and for that purpose will often extend its jurisdiction to matters which are ordinarily of purely legal cognizance. Admitting the application of this equi-

table principle to the facts of the present action, it may be further observed that one of the grounds of demurrer is that several causes of action have been improperly united and not separately stated, one against Getz and others for the misappropriation by Franklin, and the other against Getz and others for their own misappropriations of said sum of $70,000. Plaintiff admits that the cause of action based upon the $70,000 transaction was not, nor was it intended to be, separately stated. It must follow, therefore, that if plaintiff expects to rely upon this cause of action, the demurrer is good and the trial court was correct in sustaining it. However, as we construe the complaint, it purports to state one cause of action only, and plaintiff must confine his right to recover upon the facts which are alleged as constituting that cause of action. This cause of action is based solely upon the liability of the directors of said corporation to its creditors and stockholders for the moneys embezzled or misappropriated by Franklin during the years of 1917 to 1920, inclusive, and while Getz and others were directors of said corporation.

 That the liability imposed by section 3 of article XII of the state Constitution against directors of a corporation may be enforced in a proper action has been definitely established by the decisions of this court. (*Winchester* v. *Howard,* 136 Cal. 432 [64 Pac. 692, 69 Pac. 77, 89 Am. St. Rep. 153]; *Dean* v. *Shingle,* 198 Cal. 652 [246 Pac. 1049, 46 A. L. R. 1156].) Respondent makes no serious contention to the contrary. He does not stress his general demurrer, but relies upon certain grounds set forth in his special demurrer, and upon his demurrer that plaintiff's cause of action is barred by section 359 of the Code of Civil Procedure, for an affirmance of the judgment herein. As the briefs and arguments of counsel have in the main been directed to the question as to whether plaintiff's cause of action was barred by section 359 of the Code of Civil Procedure, we will give first consideration to that question. This section is brief and reads as follows:

"This title does not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which

the penalty or forfeiture attached, or the liability was created.''

From the facts alleged in plaintiff's complaint as shown above, the misappropriation and embezzlement of the funds of Getz Bros. by Franklin occurred during the years 1917 to 1920, both inclusive. The complaint in this action was not filed until December 22, 1925. This action was, therefore, commenced more than three years, and almost five years, after the last act of misappropriation and embezzlement was accomplished. But it is also alleged in said complaint that neither plaintiff nor plaintiff's assignor, nor any other creditor of Getz Bros. had any knowledge of said acts of misappropriation and embezzlement until some time in December, 1923. It will thus be seen that while the allegations of plaintiff's complaint show that this action was brought more than three years after the commission of the acts of misappropriation and embezzlement which made the directors of said corporation liable to the creditors and stockholders thereof, it also shows that this action was commenced within three years after the discovery by the plaintiff and the creditors of Getz Bros. of said acts of misappropriation. Appellant, therefore, contends that the action was commenced in time, and is not barred by the provisions of said section of the code.

In the case of *Royal Trust Co.* v. *MacBean*, 168 Cal. 642 [144 Pac. 139], this court held in an action brought to enforce the liability of stockholders for the debts of the corporation that the period of limitation was three years after the liability was created, and not three years after the discovery of the facts upon which the cause of action was based. In that case, this court said: ''The foregoing discussion takes no account of an allegation (added to the complaint by amendment) to the effect that the amount of the debts and assets of the Ontario bank, and the sum which would have to be paid by shareholders, were not known to plaintiff until November 1, 1910, a date less than three years before the commencement of the action. The theory upon which plaintiff makes this averment is that the statute does not begin to run until the discovery by the plaintiff of the facts upon which his cause of action depends. Section 359, we think, will not bear the construction thus sought to be put upon it. The actions therein referred to

'must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created'. The fair reading of this section makes the discovery the starting point of the period of limitation only in cases of actions to recover a penalty or forfeiture. In actions to enforce a 'liability created by law', the period is three years from the creation of the liability. It is true that in *Moore* v. *Boyd,* 74 Cal. 171 [15 Pac. 670], the court assumed that the discovery of the facts started the period of limitation in an action on the stockholders' liability. The point was not, however, material to the decision. In later cases, the court seems to have taken it for granted that the section requires an action like the one before us to be begun 'within three years after the liability was created'. (*Hunt* v. *Ward,* 99 Cal. 612 [34 Pac. 335, 37 Am. St. Rep. 87] ; *Wells* v. *Black,* 117 Cal. 157 [48 Pac. 1090, 59 Am. St. Rep. 162, 37 L. R. A. 619] ; *Gardiner* v. *Royer,* 167 Cal. 238 [139 Pac. 75].) In none of the later decisions on the subject is there any suggestion that the discovery of the facts by the plaintiff has any bearing on the question of limitation."

Appellant seeks to detract from the weight of this opinion by claiming that the portion thereof dealing with the provisions of said section 359 of the Code of Civil Procedure was merely *dictum* and was not necessary for the decision of any issue in the case. This claim is based upon the further statement in the opinion, following the portion quoted above, that the plaintiff therein had not properly pleaded a belated discovery of the facts upon which the liability was created. This contention cannot be sustained. The court clearly held in the first place that the action must be brought within three years after the liability was created, and not within three years after the discovery of the facts upon which the liability was created. It further held that the liability of the defendant stockholders was created when the bank became insolvent, and that, as the plaintiff had not alleged ignorance of the bank's insolvency, it had not brought itself within the rule of law contended for by it. In other words, the opinion of the court denying relief to plaintiff was based upon two distinct grounds, and there is no more reason for calling the second ground the real basis of the decision than there is for so calling the first

ground. ▮ "Where the court bases its decision on two or more distinct grounds, each so specified is, as much as any of the others, one of the grounds, a ruling upon the questions involved in the case and not mere *'dictum'*." (*King* v. *Pauly,* 159 Cal. 549 [115 Pac. 210, Ann. Cas. 1912C, 1244].)

Plaintiff makes the further contention that the case of *Royal Trust Co.* v. *MacBean, supra,* should be overruled on the grounds: first, that it is out of harmony with prior decisions of this court and, secondly, that it is opposed to certain decisions of the appellate courts of the state of New York construing a code section, similar in its terms to section 359 of the Code of Civil Procedure of our own state, and from which our own code section was patterned. The prior decisions of this court, which the plaintiff contends are opposed to the construction placed on section 359 of the Code of Civil Procedure by this court in *Royal Trust Co.* v. *MacBean, supra,* are *Moore* v. *Boyd, supra,* and *Green* v. *Beckman,* 59 Cal. 545. The first of these two cases was before the court when it rendered its opinion in *Royal Trust Co.* v. *MacBean, supra,* as will be observed from the reading of the excerpt already quoted from said opinion in which the court said: "The point, however, was not material to the decision." A casual reading of *Green* v. *Beckman, supra,* will show that the statement contained therein to the effect that under section 359 of the Code of Civil Procedure an action to enforce a liability created by law "against a stockholder may be brought within three years after discovery of the fact", etc., was not material to the decision. In that action, the plaintiff sought to recover from the stockholders money had and received more than two and less than three years before the commencement of the action. Defendant claimed the action was barred by subdivision 1, section 339 of the Code of Civil Procedure, which prescribed a two years' limitation. The plaintiff claimed that the liability of the stockholder was one created by law and, therefore, section 359 of the Code of Civil Procedure was the statute of limitations applicable to such a cause of action. The court held with the plaintiff. The question as to the time of the discovery of the facts upon which the action was based did not, and could not under the facts of the case, arise therein. In the case

of *Johnson* v. *Hinkel,* 29 Cal. App. 78, 82 [154 Pac. 487], in which we denied a petition for a hearing herein, the District Court of Appeal gave its views regarding the cases of *Moore* v. *Boyd, supra,* and *Royal Trust Co.* v. *MacBean, supra,* as follows: ''The element of discovery in actions of this character was recognized in *Moore* v. *Boyd,* 74 Cal. 167 [15 Pac. 670]; but in the later case of *Royal Trust Co.* v. *MacBean,* 168 Cal. 642 [144 Pac. 139], it would seem that this doctrine has been rejected, for it is there said that a fair reading of the section makes the discovery the starting point of the period of limitation only in cases of actions to recover a penalty or forfeiture, and that in actions to enforce 'a liability created by law', the period of limitation is three years from the creation of the liability.'' As to the decisions of the courts of the state of New York construing the code section of that state, which plaintiff claims furnished the model from which section 359 of the Code of Civil Procedure was patterned, it must be presumed that the court had these cases before it when it decided the case of *Royal Trust Co.* v. *MacBean, supra,* but refused for reasons then deemed sufficient to follow them. Under such circumstances we consider it our duty to follow the decisions of our own court construing our statute, rather than those of the state of New York upon the same subject.

It is next insisted by plaintiff and appellant that if section 359 of the Code of Civil Procedure is to be interpreted as limiting the right of action of a creditor of a corporation to enforce the liability of the directors for the misappropriation of funds by an officer of the corporation to three years from the date of the creation of said liability under circumstances where the creditor had no knowledge of the facts within the three-year period, then said section of the code is unconstitutional. It is claimed that this liability against a director of a corporation in favor of the creditor is given to the latter by the state Constitution, and any attempt to infringe upon or impair this right by the legislature, or any other legislative body, would be beyond their power and ineffective. This restriction upon legislative action does not, however, extend to reasonable statutory limitations within which this constitutional right may be enforced. This has been repeatedly

held and in cases construing and applying the very code
section with which we are now concerned—that is, section
359 of the Code of Civil Procedure. In the case of *Hunt*
v. *Ward*, 99 Cal. 612, 616 [34 Pac. 335, 37 Am. St. Rep.
87], which was an action by a creditor to recover from a
stockholder upon the latter's liability created by said sec-
tion 3 of article XII of the Constitution, this court said:
"The invocation by respondent of the clause of the state
Constitution, declaring the liability of stockholders of cor-
porations, does not strengthen his position; for the state-
ment of a right in a constitution is always subject to
reasonable statutory limitations of the time within which it
may be enforced, unless otherwise declared in the Consti-
tution itself; and three years is certainly not an unreason-
able period of limitation. We see, therefore, no reason
for disregarding the plain language of section 359." This
case has been followed, and the principles of law therein
enunciated approved in the more recent case of *Gardiner* v.
*Royer, supra,* where many decisions of this court upon the
subject are reviewed and analyzed. In that case the court,
after a "forcible argument" by learned counsel for the plain-
tiff in which they asked that *Hunt* v. *Ward, supra,* and kin-
dred cases be overruled, declined to do so, but on the other
hand expressly affirmed and re-approved those cases. The law
is succinctly and correctly stated in the opinion of this court
rendered in the case of *Santa Rosa Nat. Bank* v. *Barnett,* 125
Cal. 407, 412 [58 Pac. 85], as follows: "Section 359 does not
attempt to relieve the stockholder from his liability under
the Constitution; it only limits the time within which the
action may be brought, and this is not inconsistent with
the constitutional declaration that such liability is im-
posed upon the stockholder." While these authorities deal
with the liability of stockholders of a corporation created
by the Constitution, we can see no difference in principle
between such liability in so far as the applicability of said
section 359 of the Code of Civil Procedure thereto is con-
cerned and that against directors created by the same
section of the Constitution. We think these authorities are
in principle applicable to cases involving the liability of
directors created by said section of the Constitution and
that they correctly determine the effect of section 359 of
the Code of Civil Procedure limiting the time within which

actions may be brought to enforce such liability. Both section 3 of article XII of the Constitution creating these two types of liabilities, and section 359 of the Code of Civil Procedure limiting the time for the commencement of actions to enforce liabilities created thereunder, are construed in these decisions, and it is expressly held therein that the code section in no way conflicts with the provisions of the Constitution.

Plaintiff makes the point that the objection to the constitutionality of the code section was denied by the court in these cases solely on the ground that the plaintiffs therein had waived their right to proceed against the stockholders by accepting the note, or other obligation of the corporation, the maturity of which was affirmatively and voluntarily postponed beyond the three years' limitation, and that as they were presumed to know the law they could not complain if the result of their action was to permit the stockholders to plead the bar of the statute of limitations. Plaintiff follows up this assertion by the further statement that the creditors of Getz Bros. did not waive any right against the directors of that company because they did not know and had no means of knowing of the misappropriations of Franklin. Therefore, plaintiff contends, that the rule announced in *Hunt* v. *Ward, supra,* and like cases should not apply to the instant case. We think the plaintiff does not correctly interpret the rulings of the court in these cases. Take, for instance, the case of *Hunt* v. *Ward, supra.* It was there contended that the three years' period of limitation commenced to run from the maturity of the liability or debt, and not from its creation. In pressing this argument plaintiff's counsel presented a supposed state of facts where a corporation gave a note payable more than three years after date, in which case, if the liability of the stockholder was barred three years after it was created, and not three years after its maturity, the right of action against the stockholder would be barred before the obligation matured, in which case the creditor would have no right whatever to enforce his cause of action against the stockholder. Hence, so counsel in that case argued, if section 359 of the Code of Civil Procedure were construed to bar a right of action upon a stockholder's liability three years from its creation, and not from its maturity, it would

be unconstitutional, as it denied *in toto* the right of the creditor to enforce the liability against stockholders given by the Constitution. It was in answer to this argument that the court said: "If he (the creditor) chooses to make the contract with the corporation, by which *its* payment of the indebtedness is postponed beyond the three years' limitation in favor of the stockholders, he simply does an act which practically waives his right against the latter." After it had settled that question, the court then went on to answer the constitutional objection to section 359 of the Code of Civil Procedure in the language already quoted from in that case, and held that the right given by the Constitution "is always subject to reasonable statutory limitations of the time within which it may be enforced" and that three years is "certainly not an unreasonable period of limitation". The other cases referred to in the respect indicated simply follow *Hunt* v. *Ward, supra.* We are, therefore, of the opinion that the constitutional objection raised by the plaintiff to section 359 of the Code of Civil Procedure is not well taken.

A considerable portion of plaintiff's brief is devoted to the contention that this action is one to enforce a penalty rather than a liability created by law. This brief was filed before the decision of *Coombes* v. *Getz,* 285 U. S. 434 [52 Sup. Ct. Rep. 435, 76 L. Ed. 866], referred to above. The decision of the United States Supreme Court in that proceeding conclusively determines that contention adversely to the plaintiff.

It is next contended by the plaintiff that the present action is for relief on the ground of fraud and, therefore, section 359 of the Code of Civil Procedure is not applicable, but that the statute of limitations barring such an action is section 338 of the Code of Civil Procedure, subdivision 4 thereof, which provides that a cause of action for relief on the ground of fraud is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud. Preliminary to this argument and in support of his contention, plaintiff has sought to show that this action is not strictly one to enforce a liability created by law. The term "created by law" as used in section 359 of the Code of Civil Procedure has a somewhat restricted meaning. In one sense every liability

334

giving rise to a cause of action may be said to be a creature of the law. (*Whitten* v. *Dabney,* 171 Cal. 621, 628 [154 Pac. 312].) ▮ But in the sense in which the term is used in said code section, it is confined and restricted to a liability which exists by virtue of an express statute, and it does not include nor extend to actions arising under the common law. (*Whitten* v. *Dabney, supra; Brinckerhoff* v. *Bostwick,* 99 N. Y. 185 [1 N. E. 663].) It does include, however, a liability arising under the Constitution. (*Chambers* v. *Farnham,* 182 Cal. 191, 193 [187 Pac. 732].) In plaintiff's endeavor to show that the liability which he seeks to enforce against Getz as a director of Getz Bros. was not one created by law, he relies upon certain statements made by this court in the two cases already cited herein, the cases of *Winchester* v. *Howard, supra,* and *Dean* v. *Shingle, supra.* In the first of these two cases is to be found the following language on page 443: "Directors and officers of corporations, as well as trustees, have always been held responsible for loss resulting from misappropriations of the trust property made by them or with their consent. The character of the misappropriations for which the officers who made them can be held responsible to the corporation has been settled in many cases. The liability has existed ever since there have been courts of equity and corporations or trustees. The Constitution does not change the nature of the liability, except that for its purpose it is limited to *moneys* misappropriated. No officer, omitting for the nonce the suretyship, is made liable for any act or to any greater extent than he was liable before the constitutional amendment. The Constitution merely makes the directors sureties for their fellow-directors and for the officers of the corporation for moneys, when so misappropriated as to make the officer misappropriating liable, and authorizing the creditors and stockholders to sue. What such liabilities are, as I have said, are old and familiar questions, and I repeat, it seems obvious to me that such misappropriations are those for which the directors are liable."

▮ *Dean* v. *Shingle, supra,* contains like language and cites *Winchester* v. *Howard, supra,* in support of its statement. Plaintiff construes this language of the court to mean that directors of a corporation, independent of section 3 of article XII of the Constitution, were liable for

losses resulting from misappropriation of trust property made by a fellow-director, and that said section of the Constitution neither creates nor does it substantially affect such liability except that it makes said directors "sureties for their fellow directors". We cannot so construe the language of the court found in those cases. The liability of directors which the court held existed "ever since there have been courts of equity and corporations or trustees" was that "resulting from misappropriations of the trust property *made by them or with their consent*". The court was not then speaking of the liability which directors incurred by the misappropriations of money of the corporation by a fellow-director, or other officer of the company, without the knowledge or consent of the remaining directors. This last-mentioned liability, that is, the liability for misappropriations by a fellow-director, was something which did not exist at common law, and was brought into existence by said section of the Constitution. Prior to the enactment of said section of the Constitution no such liability existed. Plaintiff's cause of action rests entirely for its validity upon the right given creditors of a corporation by this section of the Constitution. It is, therefore, as we have already seen, an action to recover on a liability created by law. The sole claim made against Getz by plaintiff is that Getz was a director when Franklin misappropriated the funds of the company. It is not claimed that the action against Getz is based upon any fraud committed by him. Subdivision 4 of section 338 of the Code of Civil Procedure therefore has no application to this action. ■ The rule that an action brought for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud applies only when the fraud, which is the basis of the action, is the fraud of the defendant in the case. It has no application when the fraud charged is that of a third party. This distinction is clearly set forth in a decision rendered by the Circuit Court of Appeals in the case of *Hayden* v. *Thompson,* 71 Fed. 60, 70, as follows: "The reason of the rule that the time limited by the statute for the commencement of an action for fraud shall not commence to run while the defendant conceals it is that he ought not to be permitted to take advantage of his own wrong. Neither the reason nor

the rule has any application to a cause of action which is fraudulently concealed from the parties in interest by third persons. *The fraudulent concealment of the defendant alone will delay the running of the statute.* (*Pratt* v. *Northam,* 5 Mason 95, 112, Fed. Cas. No. 11,376; *Simmons* v. *Baynard,* 30 Fed. 532; *Stevenson* v. *Robinson,* 39 Mich. 160.)''

We conclude from this discussion, therefore, that the statute of limitations applicable to the present action is section 359, and not subdivision 4 of section 338 of the Code of Civil Procedure. In fact, any other conclusion would necessitate the overruling of *Royal Trust Co.* v. *MacBean, supra,* which we have heretofore expressly approved.

The further claim is made by plaintiff that the fraudulent concealment of facts by the various defendants prevented the accrual of plaintiff's cause of action until discovery of the misappropriations and, therefore, the cause of action was not barred until three years after the discovery of the true facts. The only fraudulent concealment of facts set forth in plaintiff's pleadings, and on which he relies in this action, was the concealment by Franklin from the other officers of the company of his misappropriations of the company's funds. It is expressly alleged that neither Getz, nor any of the directors except Franklin, knew the true condition of the company's affairs, nor the extent of Franklin's misappropriations, until the investigation was made some time after November, 1923. At this time plaintiff and other creditors of the company learned of Franklin's peculations. In fact, the complaint shows that plaintiff and the creditors learned of these facts at or about the same time. There could not, therefore, be, and the complaint does not allege that there was, any concealment of these facts by Getz from the creditors. The only concealment alleged, as we have already stated, was the concealment by Franklin from the company, his fellow-directors, and the creditors, of his wrongful acts. What effect this concealment by Franklin had upon the plaintiff's right of action against Getz is the question presented by the complaint. In this connection plaintiff seeks to apply the rules applicable to sureties in general to the liability of directors created by

the above section of the Constitution. While there is direct language in some of the cases cited above, and in others not cited, to the effect that the Constitution makes the directors "sureties for their fellow directors" for moneys misappropriated or embezzled by the latter, we do not understand that the term is used in these decisions in the strict technical legal sense in which it is generally used in the law of suretyship. The Constitution makes the innocent directors suffer for the unlawful acts of the guilty directors, or other officers. In this sense it may be said that the innocent directors are sureties as they are made to suffer for another's fault. But in so holding it was not, we think, ever intended to make applicable to this liability the general law of suretyship. The section of the Constitution creating this liability says nothing about the directors being made sureties or that their obligation is in any way conditional or secondary. On the other hand, the Constitution does create against them a direct and primary liability for misappropriation of funds by a fellow-director, or other officer, during their term of office. This liability, instead of partaking of the characteristics of suretyship, is more like that imposed by the same section of the Constitution upon stockholders for the debts of the corporation. The liability thus created against stockholders has been held in numerous instances to be a direct and primary obligation, and not one of suretyship or guaranty. See *Ellsworth* v. *Bradford,* 186 Cal. 316, 318 [199 Pac. 335], where the authorities are collected and cited. The law of suretyship cannot, in our opinion, be invoked in this case. The concealment by Franklin of his defalcations from his fellow-directors and the stockholders and the creditors of the corporation did not therefore extend the time in which either the stockholders or creditors might enforce the liability of the innocent directors for such defalcation.

We think we have discussed and answered all the main contentions made by plaintiff in support of his appeal. Our conclusion after such discussion is that plaintiff's cause of action is barred by section 359 of the Code of Civil Procedure and that the judgment of the trial court, based upon its order sustaining a demurrer to the complaint on that ground, should be affirmed.

The sustaining of the demurrer on the ground that the action is barred by the statute of limitations renders it unnecessary for us to pass upon the merits of the special demurrers.

The judgment is affirmed.

Preston, J., Shenk, J., Seawell, J., Langdon, J., Waste, C. J., and Tyler, J., *pro tem.*, concurred.