[Civ. No. 9111.   Second Appellate District, Division Two.—March 31, 1936.]

MABEL ELLIOTT GIBSON, Respondent, v. CLARENCE C. RATH, Appellant.

Albert Flaxman for Appellant.

No appearance for Respondent.

GOULD, J., *pro tem.*—In this action plaintiff charged defendant with fraud in that he as administrator of an estate connived with the surviving husband of deceased to turn over to the latter all the property of deceased upon the representation to the court that it was community property, whereas in truth and in fact, plaintiff alleged, the whole thereof was separate property and she as a daughter of deceased was rightfully entitled to two-thirds thereof. Plaintiff won judgment against defendant personally in an amount equal to two-ninths of the property which defendant as administrator turned over to the surviving husband. Defendant appeals.

Deceased died January 10, 1927; defendant was appointed administrator April 5, 1927; his final account was filed October 31, 1927; distribution was ordered November 23, 1927, and the within action was not filed until September 2, 1931, more than three years after the alleged fraud of which respondent complains. Yet she consulted attorneys as to her rights in the estate on December 24, 1927, and by them caused to be filed therein a belated ''Demand for Special Notice''. In her complaint herein respondent alleged that she did not discover the fraud until June 30, 1929, but she made no ex-

planation therein as to why she did not do so at an earlier date.

■ Although an action upon the ground of fraud must be commenced within three years, the cause of action is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. (Code Civ. Proc., sec. 338, subd. 4.) But to excuse the filing of a complaint beyond the statutory three years' period it is necessary for the party seeking to avoid the bar of the statute to plead affirmatively facts excusing the delay and showing the circumstances under which the fraud was discovered. (*Lady Washington Consol. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809].) This requirement was not met in the pleading herein, the complaint simply containing the bald, unsupported statement that the fraud was not discovered until June 30, 1929.

■ Moreover, it is settled that if a party has within his power the means of discovery of the fraud he will be held to have known it. (*Moore* v. *Boyd,* 74 Cal. 167 [15 Pac. 670].) In the case here under consideration respondent was in court when the administrator was appointed, so that she had knowledge that the estate was being administered upon; the inventory and appraisement filed in said estate October 31, 1927, stated that all of the property thereof was purchased during the lifetime of deceased and her husband with the earnings of the husband; and the decree of distribution, dated November 29, 1927, and recorded December 13, 1927, found that all of said property was community property and ordered the whole thereof distributed to the husband as the only heir-at-law. All these facts were matters of public record, and respondent consulted attorneys with regard to her rights—all more than three years before filing her action. It must therefore be held that she was charged with knowledge of facts sufficient to put her upon inquiry, and that appellant's plea of the statute of limitations is an effective bar to her recovery.

Judgment reversed.

Wood, J., concurred.

Crail, P. J., concurred in the judgment.